THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES CROSS *et al.,* Defendants-Appellees.
Third District   No. 3—85—0430

Opinion filed May 30, 1986.—Rehearing denied July 22, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Edmund B. Moran, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles M. Chadd, of Pope, Ballard, Shepard & Fowle, Ltd., Andrew H. Perellis and Dixie L. Laswell, both of Gessler, Wexler, Flynn, Laswell & Fleischmann, Kirk R. Ruthenberg, of Sonnenschein, Carlin, Nath & Rosenthal, and William J. Holloway and Joanna C. New, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, all of Chicago, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

The principal question raised in this appeal is whether the trial court properly denied the plaintiff's, People of the State of Illinois', motion for leave to file an amended complaint where the plaintiff sought to add new parties and new claims after the entry of a permanent injunction in favor of the plaintiff (the State) and against the original defendants (Cross Brothers). The State appeals from the denial of its motion for leave to file a second amended complaint, in which the State sought to add ten new defendants. We affirm the trial court.

The action was originally brought against the Cross Brothers in August 1980, to obtain injunctive relief under the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1001 et seq.). The trial judge entered a permanent injunction against the Cross Brothers on February 5, 1982, requiring them to clean up contaminated property which they owned and upon which they had conducted a container recycling operation.

One and one-half years after the entry of the injunction, in September 1983, the State sought leave to amend its complaint to add various defendants from whom the Cross Brothers allegedly had obtained used drums, averring that they were responsible for the condition of the Cross Brothers' property. The circuit court of Kankakee County refused to allow the amendment on the basis that section 2—616(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(a)) prohibits amendments after final judgment, except to conform pleadings to the proof adduced at trial.

The State argues that the permanent injunction entered in this case was not a "final judgment" for purposes of section 2—616(a). To be final, the State suggests, a judgment must be appealable under Supreme Court Rule 301 (87 Ill. 2d R. 301), and according to the State's

analysis, appealability under Rule 301 is limited to those final judgments which dispose of the entire case among the parties. This reading of Rule 301 is derived from the language contained in Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) which addresses final judgments that do not dispose of an entire proceeding. Such appeals may be taken only with the requisite special finding that there is no just reason for delaying enforcement or appeal.

■■ The State asserts that the permanent injunction in the instant case did not dispose of the entire case among the parties because the trial court did not decide the issue of civil penalties, but continued it generally. Consequently, the State contends that the injunction was not appealable under Rule 301, and therefore, it cannot be considered a "final judgment" under section 2—616(a).

We disagree with the State's interpretation of Rule 301. The rule confers the right to appeal from any and *all* "final judgments," irrespective of whether such judgment disposes of an entire controversy among the parties. "It has been consistently held that a determination is final within the contemplation of these sections if it finally disposes of the rights of the parties, either on the entire controversy *or a separate branch thereof* [citations], and that an order is nonetheless final for purposes of review where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment or decree. [Citations.]" (Emphasis added.) *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 416-17, 255 N.E.2d 900, *cert. denied* (1971), 400 U.S. 1025, 27 L. Ed. 2d 637, 91 S. Ct. 583.

■■ Rule 304(a), on the other hand, provides a mechanism for advancing the *timing* of appeals from certain final judgments that do not dispose of an entire proceeding. (See the committee commentary to Rule 304(a), which states, "[I]t is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final judgment appealable." (Ill. Ann. Stat., ch. 110A, par. 304(a), Committee Comments, at 157 (Smith-Hurd 1984).)) The timing of an appeal is wholly unrelated to the finality of a judgment and to the purposes intended by section 2—616(a). Therefore, we hold that for purposes of section 2—616(a), a judgment need not be appealable in order to be final. In so holding, we express no opinion as to whether or not the instant order was, in fact, appealable, as such a finding would not be determinative of the issue before us.

■■ While the trial court, in entering the injunction, left unresolved the issue of civil penalties, it did adjudicate the central issues presented by the case and award the State essentially all of the relief it was seeking. Further, as the trial court observed, three years after

the entry of the permanent injunction, "[T]here is nothing in the record to indicate that the plaintiff ever sought a ruling on the issue of civil penalties *** [I]t seems to be for all practical purposes a dead issue ***." In view of these circumstances, and the State's long delay in attempting to bring new parties into the case after judgment, we find that the trial court correctly exercised its broad discretion under section 2—616(a) to deny leave to amend, even if the judgment were not final. *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10.

■ In the event that its position with respect to the second amended complaint was rejected by this court, the State then sought our review of the trial court's dismissal of two counts of its first amended complaint, directed against the defendants SCM Corporation and Cities Service Company. In granting defendants' motions to dismiss, the trial court specifically declined to incorporate Rule 304(a) language in its orders. Therefore, the orders are now, as they were then, unappealable, at least for as long as there are issues in the case which remain unresolved. The record reflects that some of the defendants herein have pending motions for judgment on the pleadings which turn upon the resolution of this appeal.

■ Moreover, as a general rule, an amendment which is complete in itself and which makes no reference to the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn. (*Wright v. Risser* (1937), 290 Ill. App. 576, 8 N.E.2d 966.) The question of whether or not the first amended complaint stated a cause of action is not at issue here.

For the reasons stated herein, the order of the circuit court of Kankakee County is hereby affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.