Jerry MONTGOMERY, Plaintiff,

v.

The UNIVERSITY OF CHICAGO; the University of Chicago's Department of Ophthalmology; the University of Chicago's Administration or Board of Directors; Dr. Peter H. Morse; Dr. Victor M. Elner; and Dr. Eric J. DelPiero, Defendants.

No. 89 C 07588.

United States District Court, N.D. Illinois, E.D.

Aug. 28, 1990.

---

Jerry Montgomery, Michigan City, Ind., for plaintiff.

Kevin G. Burke and Peter G. Bell, Cassiday Schade & Gloor, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

We grant plaintiff Montgomery's motion to amend his complaint by reinstating Dr. Robert A. Del Pero as a defendant in this case. We also grant defendant Eric J. Del Piero's motion to quash service and dismiss as moot his motion to dismiss the complaint against him for lack of in personam jurisdiction. We strike Dr. Eric J. Del Piero's name from the complaint and on our own motion impose Rule 11 sanctions on Montgomery for improperly naming Dr. Eric J. Del Piero as a defendant, causing him to be served, and thus needlessly requiring Dr. Del Piero, the General Counsel's Office of the University of Chicago Hospitals, and the firm Cassiday, Schade and Gloor to incur costs in ensuring Dr. Del Piero's dismissal from this action.

Montgomery's action with respect to Dr. Del Piero was clearly not well grounded in fact, and we find that had Montgomery conducted a reasonable inquiry the error would not have occurred. The fact that Montgomery has been acting *pro se* does not provide an excuse in this case. The medical records that Montgomery attached to his complaint clearly show a handwritten notation "R Del Pero," and several typewritten notations "Dr. Del Pero." Thus, the correct spelling of his physician's last name was clear. In fact, Montgomery named "Dr. Del Pero" as a defendant in his original complaint. Montgomery, however, apparently found Dr. Eric Del Piero's name in *Who's Who in America* after earlier attempts at service on Dr. Robert Del Pero had not worked. *See* Complaint at p. 3. Although we have not been provided with the curriculum vitae from *Who's Who*, the vitae which Dr. Eric Del Piero has provided us indicates that he has lived and practiced exclusively in California since 1980; prior to 1980, he had no contacts whatsoever with Chicago. We see no reason to believe that *Who's Who* would have contained information to the contrary. Montgomery neither telephoned nor wrote to Dr. Del Piero to attempt to verify his involvement prior to naming him in the complaint. Accordingly, even if we grant the similarity in last name and acknowledge the fact that both doctors are ophthalmologists, Montgomery would have had no reason to believe that Dr. Eric Del Piero of Monterey, California, was the doctor who treated him in Chicago in 1985. Therefore, Montgomery was unreasonable in amending his complaint by changing "Dr. Del Pero" to "Dr. Eric. Del Piero" and then serving Dr. Del Piero in California.[1]

Accordingly, we strike Dr. Eric Del Piero from the complaint and impose Rule 11 sanctions. Dr. Del Piero, the General Counsel's Office of the University of Chicago Hospitals, and the firm Cassiday, Schade and Gloor are directed to submit petitions setting forth the reasonable fees and costs they incurred regarding this matter. These petitions, however, should *not* take into account any time spent with respect to the motion to dismiss the complaint for lack of in personam jurisdiction. The preparation and filing of that motion

---

1. Coincidentally, Dr. Robert Del Pero had relocated to California in the time since he treated Montgomery. That fact, however, had no bearing on Montgomery's decision to name Dr. Eric Del Piero as a defendant.

was clearly unnecessary, since it was evident to all that Dr. Del Piero was improperly named in the complaint. It is so ordered.