EDWARD YAVITZ EYE CENTER, LTD., Plaintiff-Appellee, v. JOSEPH EDGAR ALLEN, Defendant-Appellant.

Second District   No. 2—92—0290

Opinion filed February 17, 1993.

Marcia B. Gevers, of Flossmoor, for appellant.

Frank P. Maggio and Gregory A. Biegel, both of Maggio & Fox Professional Corporation, of Rockford, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

Defendant, Joseph Edgar Allen, M.D., appeals the trial court's denial of his petition for sanctions against plaintiff, the Edward Yavitz Eye Center, Inc. The trial court granted defendant summary judgment in plaintiff's suit to recover money allegedly due under an oral loan. However, the court declined to impose sanctions against plaintiff for filing what defendant asserts was a baseless and improper lawsuit (see 134 Ill. 2d R. 137).

On appeal, defendant argues that the trial court's denial of sanctions was an abuse of discretion. He maintains that plaintiff and its attorney filed the suit with the knowledge that the money they sought

to recover from defendant was compensation and not a loan. Therefore, he concludes that plaintiff and its counsel brought the suit without fulfilling their duty to investigate whether the suit was well grounded in the facts and the law. Defendant argues further that the trial court erroneously considered as testimony certain remarks by plaintiff's counsel.

Plaintiff counters that (1) the trial court's denial of sanctions was not an abuse of discretion, as defendant failed to establish that plaintiff made false pleadings or that plaintiff made its pleadings without reasonable cause; (2) defendant was not entitled to sanctions as his counsel's petition for fees was fatally defective in several respects; and (3) the trial court did not consider as testimony remarks by plaintiff's counsel.

Plaintiff filed an original complaint and an amended complaint. Both sought recovery of the same sum of money, but proceeded on different theories. The original complaint, filed February 22, 1991, alleged the following. Plaintiff formerly employed defendant pursuant to a "Physician Services Agreement" (the agreement) executed June 11, 1989. After executing the agreement, the parties agreed to an amendment, effective January 1, 1990, which changed the manner of calculating defendant's compensation.

Plaintiff's original complaint further alleged that, prior to leaving plaintiff's employ, defendant had received compensation in excess of that to which he was entitled under the agreement. Before the amendment took effect, defendant was guaranteed compensation of at least $60,500.02. As this exceeded 50% of his "net collections," it was what defendant had earned for the period. However, plaintiff had paid defendant monthly advances totaling $90,529.98; thus, for the period ending December 31, 1989, defendant was overcompensated by $30,029.96; that for the period from January 1, 1990, through November 30, 1990, when defendant left plaintiff's employ, defendant was entitled to 52% of his net collections, or $71,506.27. In this period, defendant received monthly advances totaling $69,466.91. Thus, for this period, defendant was undercompensated by $2,039.36. Overall, plaintiff was entitled to $27,990.60, the net amount by which defendant had been overcompensated. Plaintiff had demanded repayment, but defendant refused to repay the money.

On April 8, 1991, defendant moved to dismiss the suit, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), on the ground that paragraph 16 of the agreement provided that (quoting paragraph 16 as relevant here) "any dispute arising out of this contract, including, by way of example, dis-

putes as to compensation, discharge, disability or working conditions, shall be subject to arbitration." As there had yet been no arbitration of the matter forming the basis of the complaint, the complaint was not properly before the court.

On April 11, 1991, plaintiff moved to amend the complaint, alleging that it believed it could file an amended complaint that would set forth a cause of action that was not within the agreement's arbitration provision. The motion stated that the amended complaint would still maintain that defendant owed plaintiff $27,990.60, but that it would set out facts alleging that the money defendant owed was outside the agreement's compensation scheme and thus not subject to arbitration. Plaintiff received leave to file an amended complaint.

The amended complaint, filed April 26, 1991, alleged that, on or about January 21, 1990, plaintiff orally agreed to lend defendant $18,024.53 for a personal investment. Defendant accepted the loan. On information and belief, plaintiff alleged that defendant used the sum borrowed for investment purposes. Defendant had not paid the money back.

Defendant moved to dismiss the amended complaint (not specifying on what statute the motion was based), and to obtain sanctions, alleging that the factual basis of the amended complaint contradicted assertions in the original complaint. As to the merits of the amended complaint, defendant argued that the $18,024.53 in dispute was not a loan, but rather was part of the advances defendant received as compensation pursuant to the agreement. Attached to defendant's motion to dismiss were (1) a copy of a computer printout prepared by plaintiff, detailing compensation defendant received between December 1989 and May 1990; and (2) plaintiff's statement of defendant's earnings for the period ending January 21, 1990. According to this statement, defendant in this period received no regular or overtime earnings, but received "other" earnings of $18,024.53. Plaintiff had withheld amounts for Federal income and social security taxes, and State taxes. The total distributed after withholding was $12,500.

On June 20, 1991, the court denied defendant's motion to dismiss. On July 12, 1991, defendant answered the amended complaint. He admitted receiving the $18,024.53 advance.

In response to a subsequent notice to produce, plaintiff tendered, among other records, a statement of defendant's gross pay for each of the two-week periods from January 7, 1990, through June 24, 1990. For the pay period ending January 7, 1990, defendant received $3,365.38. There are two entries for the pay period ending January 21, 1990; the first lists gross compensation of $4,807.70, and the sec-

ond lists gross compensation of $18,024.53. For every succeeding pay period except the last one, the gross compensation is given as $4,807.70. For the last period, ending June 24, 1990, defendant's gross compensation is "-$4,807.70." Defendant's gross compensation for the first half of 1990 totals $69,466.91.

On November 12, 1991, defendant moved for summary judgment (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005). He argued that plaintiff had not raised a genuine issue of fact as to whether the $18,024.53 paid to defendant was a loan or wages. Defendant noted that plaintiff had admitted that the documents defendant had filed with his motion to dismiss demonstrated that (1) plaintiff had paid defendant gross compensation in this amount; and (2) plaintiff had withheld and sent to the appropriate Federal and State entities payments for Federal income tax, State tax, and social security taxes owed on this gross pay. Defendant also noted that plaintiff had conceded that no existing corporate minutes recorded any corporation loan to defendant.

Plaintiff responded with an affidavit of its president and sole shareholder, Dr. Edward Q. Yavitz. Dr. Yavitz stated that defendant requested certain funds from plaintiff so that he could take advantage of an investment opportunity. Plaintiff agreed to lend defendant the net sum of $12,500. At the time of the payment, plaintiff deemed this to be an oral loan transaction. At the time plaintiff provided defendant with the loan, in the form of gross compensation of $18,024.53, plaintiff was not required to tender that amount to defendant as wages, as defendant had not earned it for services rendered.

On January 9, 1992, the trial court granted defendant summary judgment. On January 27, 1992, defendant filed his petition for sanctions. (We note that although defendant requested sanctions pursuant to the now-repealed section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), the parties agree that the proper basis for the request was Supreme Court Rule 137 (134 Ill. 2d R. 137).)

Defendant alleged that plaintiff had filed both complaints with actual or constructive knowledge that the complaints were not well grounded in the facts or in the law. Defendant alleged further that plaintiff did so to harass defendant and cause him expense, even though arbitration was available and required for disputes of this character.

Defendant's petition stated that his attorney, Marcia B. Gevers, expended 13 hours, 55 minutes of office time, 5 hours of court time, and 20 hours of travel time plus costs in connection with the suit. Her customary hourly rates were $125 for office time, $175 for court time,

and $50 for travel time. Without further elaboration, the petition stated that, in connection with the suit, defendant also owed his other attorneys fees of $2,401.98. Defendant requested an order requiring plaintiff or its attorneys to pay Gevers $3,645.58 in attorney fees and costs and to pay other attorney fees in the amount of $2,401.92.

On February 13, 1992, the court held a hearing on the petition. Neither party introduced evidence. Defendant's attorney argued that plaintiff should be held liable for having filed complaints demonstratedly unwarranted by the facts or law and that both plaintiff and its counsel were liable for sanctions because they had signed the pleadings and thus had certified that, to the best of their knowledge, information and belief formed after reasonable inquiry, the complaints were well grounded in fact and warranted by existing law.

Plaintiff's attorney argued that defendant knew full well that the money involved was a loan; the loan was couched as a special advance, but plaintiff's counsel was "prepared to tell [the court] why that was done." Plaintiff's counsel requested that the court hold a full hearing on the petition so that plaintiff could introduce testimony from Dr. Yavitz and from plaintiff's in-house comptroller that defendant requested the $12,500 loan and that the comptroller processed it as a special advance. When defendant's counsel objected to these statements as inadmissible testimony regarding settlement negotiations, the trial judge responded that he would not consider the statements as evidence. Defendant's counsel also argued that it would be inappropriate to hold a full hearing on the petition.

The trial judge denied the petition for sanctions, and defendant timely appealed.

Defendant argues that the trial court abused its discretion in refusing to award sanctions under Illinois Supreme Court Rule 137, which reads, as relevant:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading ***; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading *** is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party

or parties the amount of reasonable expenses incurred because of the filing of the pleading *** including a reasonable attorney fee." 134 Ill. 2d R. 137.

Defendant argues that plaintiff and its counsel violated Rule 137 twice: first by filing a complaint when they were on notice that the complaint was preempted by the arbitration clause of the agreement; and, second, by filing an amended complaint which alleged without a reasonable basis that part of defendant's compensation was actually a loan from plaintiff. Defendant notes the straightforward language of the arbitration clause and the undisputed fact that, for Federal and State tax purposes, the payments at issue were treated as compensation.

Noting that Rule 137 is to be construed narrowly, plaintiff responds that the amended complaint was not frivolous or improper merely because defendant received summary judgment. Plaintiff contends that the original complaint, having been withdrawn, is not properly under consideration on this appeal. Additionally, plaintiff maintains that defendant's petition for attorney fees was insufficiently specific. Therefore, concludes plaintiff, the trial judge did not abuse his discretion in refusing to impose sanctions, particularly as defendant refused to agree to an evidentiary hearing on the issue of whether plaintiff's conduct violated Rule 137.

We hold that plaintiff violated Rule 137 by filing the original complaint, which alleged a cause of action that was obviously preempted by the agreement's arbitration clause (as plaintiff conceded). However, we hold that defendant failed to prove that plaintiff's amended complaint, although ultimately dismissed, was the sort of pleading sanctionable under Rule 137. Therefore, the trial court abused its discretion in refusing to award defendant appropriate sanctions *in connection with the filing of the first complaint only*. We reverse in part and remand for a hearing on appropriate sanctions to be imposed on plaintiff for the expense flowing from its unreasonable actions in forcing defendant to respond to the original complaint. However, none of plaintiff's conduct from the filing of the amended complaint on is sanctionable under Rule 137.

■ Supreme Court Rule 137 is the successor to the former section 2—611 of the Code of Civil Procedure (see Ill. Rev. Stat. 1989, ch. 110, par. 2—611; *Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 468). Cases construing section 2—611 are also relevant to the interpretation of Rule 137; the principal difference between section 2—611 and Rule 137 is that the former required sanctions for frivolous pleadings whereas, under the latter, whether to im-

pose sanctions is entrusted to the trial court's broad discretion. (*In re Marriage of Irvine* (1991), 215 Ill. App. 3d 629, 637.) Also, because Rule 137 is substantially similar to Rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.A. R. 11 (West 1992)), cases construing the Federal rule are appropriate guidance in the interpretation of Rule 137. *Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334.

■ Rule 137 is penal; courts should construe it narrowly and invoke it only in those case falling strictly within its terms. (*Yassin*, 133 Ill. 2d at 467; *Lewy*, 211 Ill. App. 3d at 334; *Couri v. Korn* (1990), 202 Ill. App. 3d 848, 855.) The rule serves to penalize the litigant who pleads false or frivolous matters, or who brings suit without any basis in the law. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77.) A party making a filing in the trial court must make prefiling inquiries that are reasonable under the circumstances existing at the time the pleading is signed. (*Couri*, 202 Ill. App. 3d at 856.) A party seeking to recover attorney fees and expenses has the burden to show that his opponent has violated Rule 137; this requires more than merely demonstrating that the nonmoving party ultimately lost on the merits. *Couri*, 202 Ill. App. 3d at 855, 857.

■ The trial court erred in refusing to impose sanctions for the filing of the original complaint. In its original complaint, plaintiff brought its action as one to recover compensation that defendant allegedly received under the agreement. Even a cursory examination of the agreement itself would have revealed that the unambiguous language of the arbitration clause barred a suit based on the agreement itself. Thus, even if the original complaint's allegations had merit, it is clear to us that plaintiff and its counsel failed to make objectively reasonable inquiries before filing the original complaint. With such inquiries, the original complaint as written would never have come before the trial court.

We do not believe, however, that the filing of the amended complaint, or any of the proceedings stemming therefrom, should be the subject of Rule 137 sanctions. We shall not disturb the trial court's implicit finding that it was reasonable for plaintiff to proceed on the theory that defendant breached an oral contract for a loan for personal investment purposes (rather than for compensation for services performed under the agreement). Arguably, such a contract would be outside of the scope of the agreement as such and thus not subject to the requirement of arbitration.

Certain evidence developed at the trial level bolsters our conclusion. Plaintiff's records show that it paid defendant $4,807.70 for each

relevant two-week pay period—except for the period when it made the payment at issue. For this period, defendant received not only the standard amount of $4,807.70, but an additional $18,024.53, the amount of the alleged loan—approximately four times the standard biweekly amount. We shall not assume that defendant simply worked five times as hard as usual during that period. Thus, whether or not plaintiff could recover this money by suit, we will not disturb the trial court's conclusion that it was not frivolous for plaintiff to proceed on the theory put forth in the amended complaint. Moreover, we note with interest that, although plaintiff requested an evidentiary hearing, defendant urged the court not to hold a hearing on his own fee petition. Generally, the court should hold a hearing on both the merits and the claimed amount of recovery in a Rule 137 proceeding, unless the relevant issues may be resolved by an examination of the record as it already stands. (*Beno v. McNew* (1989), 186 Ill. App. 3d 359, 366.) Although we believe that the frivolousness of the original complaint is evident from the record, we cannot say the same for the amended complaint.

■ Plaintiff makes two arguments for affirming the denial of the petition in its entirety. First, plaintiff argues that defendant's fee petition was inadequate because it did not adequately allege or specify what fees defendant incurred as a result of any of plaintiff's violations of Rule 137. (See *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 236.) However, we conclude that plaintiff has waived this issue by waiting until appellate review to attack the sufficiency of the petition. (See *Yassin v. Certified Grocers of Illinois, Inc.* (1988), 178 Ill. App. 3d 498, 511-12, *aff'd in part & rev'd in part on other grounds* (1990), 133 Ill. 2d 458.) Also, we reject plaintiff's assertion that defendant was obligated to specify which allegations of each complaint were false and what expenses defendant incurred as the result of each baseless allegation. Such specificity is not required where, as here, the allegedly baseless allegations are the cornerstone of the entire lawsuit. *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 23-24.

■ Plaintiff argues second that it is not liable for sanctions under Rule 137 because it replaced the original complaint (which we have deemed in violation of Rule 137) with an amended complaint (which we have concluded may not be the subject of Rule 137 sanctions). Relying on *Couri v. Korn* (1990), 202 Ill. App. 3d 848, plaintiff maintains that (1) because the amended complaint superseded the original complaint, the original complaint was no longer a part of the record at the time of the Rule 137 petition; and (2) a trial court may not base

Rule 137 sanctions on a pleading that is not part of the record. To the extent that *Couri* sets forth such a rule, we choose not to follow that holding.

In *Couri*, the defendant sought sanctions against the plaintiff's attorney. She alleged that the plaintiff's attorney (1) failed to sign the original complaint; (2) signed the amended complaint knowing that it contained false allegations and not realizing that one of the named defendants had died; and (3) continued with the litigation despite knowing that the complaint was not well grounded in fact or law.

Affirming the trial court's denial of sanctions, the appellate court held that none of the defendant's allegations established a violation of Rule 137. Apparently addressing the first of the allegations we have set forth above, the appellate court stated:

> "The original complaint was superseded by the filing of the amended complaint, which was complete in itself and contained no references to the original complaint. (*People v. Cross* (1986), 144 Ill. App. 3d 409, 494 N.E.2d 703.) The original complaint is no longer part of the record, having been in effect abandoned or withdrawn. *Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 462 N.E.2d 774." *Couri*, 202 Ill. App. 3d at 856.

To the extent that *Couri* holds that the filing of a valid amended complaint insulates a plaintiff from any sanctions based on the filing of a frivolous or otherwise sanctionable complaint in the first instance, we cannot endorse this holding. To avoid saddling the judiciary and nonoffending litigants with the needless expenditure of time and money, a litigant who violates the rule should be held to account for the damage done by that violation even if the litigant later withdraws the offending pleading.

A contrary holding does not flow from the cases cited in *Couri*. These cases do not involve sanctions for improper pleadings and have no relevance in this context. In *People v. Cross*, the appellate court held simply that, where the State had abandoned its first amended complaint by filing an amended complaint, it could not challenge on appeal the trial court's dismissal of its withdrawn complaint. (*Cross*, 144 Ill. App. 3d at 412.) *Robins v. Lasky* stands only for the well-established rule that, where an unverified complaint is superseded by a verified amended complaint, the defendant may use the allegations of the original complaint only as evidentiary admissions and not as judicial admissions. *Robins*, 123 Ill. App. 3d at 198-99.

In *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, the appellate court upheld the imposition of section 2—611 sanctions against the plaintiff and his attorney. The sanctions were based on untrue al-

legations in both the original and amended petitions. Rejecting the plaintiff's argument that the trial court should not have assessed fees based on the period before the filing of the amended petition, the appellate court stated that "[t]he proposition that a section 2—611 award cannot be imposed when the pleadings have been amended does not apply where [the] plaintiff's amended complaint renews allegations which he knew or reasonably should have known were false." (*Dayan*, 126 Ill. App. 3d at 24-25.) We have no quarrel with the result in *Dayan*, but we find nothing in the case law creating even a qualified rule that an award pursuant to section 2—611 (or Rule 137) may not be based on a pleading that the offending party has subsequently withdrawn.

Federal case law upholds the imposition of Rule 11 sanctions based on shortcomings in a complaint which the plaintiff withdraws, even if the plaintiff replaces the offending pleading with a nonsanctionable complaint. We find the logic of these cases fully applicable to proceedings for sanctions pursuant to Rule 137.

In *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2247, the Supreme Court held that a Federal district court retains jurisdiction to impose Rule 11 sanctions even after the plaintiff has obtained the voluntary dismissal of an improper complaint. The Court reasoned in part that its holding advanced Rule 11's goal of deterring baseless actions. The Court explained that a baseless complaint needlessly burdens both the court and individuals, even where the plaintiff soon dismisses the action. A litigant who could escape Rule 11 sanctions merely by withdrawing a pleading would have no particular incentive to make reasonable prefiling inquiries about whether the pleading had any validity. *Cooter & Gell*, 496 U.S. at 397-98, 110 L. Ed. 2d at 377, 110 S. Ct. at 2457.

In *Dennis v. Pan American World Airways, Inc.* (E.D. N.Y. 1990), 746 F. Supp. 288, the plaintiff brought suit against her former employer for wrongful termination. The original complaint alleged causes of action under both Federal law and State law, even though a reasonable inquiry would have disclosed that the State causes of action were barred unequivocally by Federal law. After the defendant moved to dismiss all the claims, the plaintiff submitted an amended complaint that eliminated the invalid State causes of action. Citing *Cooter & Gell*, the court held that the plaintiff's voluntary abandonment of the frivolous State causes of action did not insulate her or her counsel from sanctions based on the violation of Rule 11 embodied in the filing of those claims. *Dennis*, 746 F. Supp. at 291-92.

In *Montgomery v. University of Chicago* (N.D. Ill. 1990), 132 F.R.D. 200, the plaintiff brought a malpractice suit against Dr. Robert A. Del Pero, an ophthalmologist employed by the University of Chicago, along with the University of Chicago and certain of its agents. The plaintiff's original *pro se* complaint named Dr. Del Pero as a defendant. The plaintiff amended his complaint, naming as a defendant not Dr. Del Pero but rather Dr. Eric Del Piero, a California ophthalmologist who had no connection whatever with the alleged malpractice. The district court struck Dr. Del Piero's name from the complaint, granted the plaintiff leave to amend his complaint by reinstating Dr. Del Pero as a defendant, and imposed Rule 11 sanctions against the plaintiff. The court reasoned that the plaintiff's carelessness had resulted in an unreasonable amendment of his complaint and that this amendment had caused needless expense to Dr. Del Piero and to the various defense attorneys who moved to ensure that Dr. Del Piero was dismissed from the action.

Here, defendant asserts that, at the hearing on the petition for sanctions, the trial judge erroneously considered as evidence certain statements by plaintiff's attorney. The record shows that the trial judge did not consider these statements as evidence and that the trial judge did not consider any evidence that was not properly before the court.

We hold that the trial court abused its discretion in refusing to award Rule 137 sanctions for those expenses defendant incurred solely as the result of the original complaint, which was not well grounded in fact or law. We hold further that the trial court did not abuse its discretion in refusing to impose sanctions for the expenses defendant incurred after the filing of the amended complaint, which we cannot say was improper. We affirm the decision of the trial court in part, reverse in part, and remand for a hearing on the amount of sanctions to which defendant is entitled for expenses incurred as the result of the filing of the original complaint.

The judgment of the circuit court of Winnebago County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part; reversed in part and remanded.

UNVERZAGT and McLAREN, JJ., concur.