LONNIE A. SWANSON, Plaintiff, v. GARY N. CATER *et al.*, Indiv. and as Adm'rs of the Estate of Terri L. Cater, Defendants (Jeffrey Lizer *et al.*, Defendants-Appellees and Cross-Appellants; Robert Steven Wilson, Appellant and Cross-Appellee).

Second District    No. 2—92—1074

Opinion filed March 4, 1994.—Rehearing denied April 7, 1994.

Robert S. Wilson, of Sycamore, appellant *pro se.*

Gary K. Mickey, of Mickey, Wilson, Weiler & Renzi, of Aurora, and Cynthia J. Schroeder, of Santa Barbara, California, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Attorney Robert Steven Wilson, who represented the plaintiff, Lonnie Swanson, in the latter's suit for negligence, appeals a trial court order imposing sanctions on him and his client pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The sanctions were based on the court's finding that plaintiff's claim against Jeffrey Lizer for negligent entrustment was frivolous. Defendants Jeffrey and Diane Lizer purport to cross-appeal from the part of the trial court's order that denied sanctions based on the negligence claim that plaintiff pursued against Diane Lizer. We hold that the cross-appeal is not properly before us, as we have already dismissed it and it has never been reinstated. We hold further that the trial court acted properly in imposing sanctions based on the negligent entrustment claim. Thus, we affirm.

On August 8, 1987, plaintiff was injured when the motorcycle he was driving collided on Route 38 with a van occupied by defendant Diane M. Lizer. A short time before this collision, Lizer's van, which she had been driving with the permission of her husband, defendant Jeffrey Lizer, was struck by a car driven by Terri L. Cater when Cater's car crossed the center line as it approached the Lizer vehicle. This initial accident killed Cater, seriously injured Diane Lizer, and disabled Lizer's vehicle.

On August 8, 1989, plaintiff, represented by attorney Wilson, filed a four-count complaint. Count I, directed against Gary and Diana Cater, the administrators of Terri Cater's estate, alleged that Terri Cater's negligent driving caused plaintiff's collision with Lizer's stalled vehicle. Count II alleged that Diana Cater, Terri Cater's mother, was liable for plaintiff's injuries because she negligently entrusted her car to Terri Cater. Count III, directed against Diane Lizer, alleged that her negligence also proximately caused plaintiff's injuries. Count IV alleged, in purely conclusional fashion, that Jeffrey Lizer negligently let Diane Lizer drive the van and that his negligence proximately caused the collision that injured plaintiff.

Each defendant answered and denied liability. The Lizers also filed a two-count counterclaim against plaintiff. The cause proceeded to a jury trial. Plaintiff first called Diane Lizer as an adverse witness. Much of the testimony plaintiff sought to elicit from Diane Lizer was excluded by the operation of the Dead-Man's Act (735 ILCS 5/8—201 (West 1992)). After brief testimony from two police officers who investigated the accident scene, plaintiff called Jeffrey Lizer as an adverse witness. Attorney Wilson asked Lizer whether Lizer owned the vehicle Diane Lizer drove on the day of the accident and whether he gave her permission to use the vehicle that day. Lizer answered yes to these questions and was not questioned further.

After brief testimony from several other witnesses, all the defendants moved for directed verdicts. The trial court directed verdicts on all the counts and dismissed the case. The judge commented specifically that plaintiff had introduced no evidence of negligence or proximate causation to support any of the counts. The court proceeded to hear testimony on the Lizers' counterclaim. However, as the court again invoked the Dead-Man's Act to exclude most of the relevant testimony, it rapidly directed a verdict against the Lizers. On December 3, 1991, the court entered a written order granting directed verdicts on all the counts of the claim and the counterclaim.

On January 6, 1992, plaintiff moved to reconsider the dismissal of his complaint. On January 22, 1992, the Lizers moved for sanctions against plaintiff and his attorney pursuant to Rule 137. The Lizers alleged that attorney Wilson had not responded to the Lizers' counsel's numerous attempts to negotiate or settle the case, even after the court at a pretrial conference had directed Wilson to do so. The Lizers alleged further that during trial attorney Wilson told the Lizers' attorney that plaintiff had no valid cause of action against the Lizers and that Wilson was really seeking the Lizers' help in obtaining a recovery against the Caters. Also, the petition alleged that, at all relevant times, attorney Wilson knew or should have known that the claims against the Lizers were specious and unsubstantiated and that these counts were not brought in good faith. The petition included a detailed account of the hours that the Lizers' counsel had expended in defending the Lizers against the allegedly specious claims and a detailed account of the attorney fees the Lizers thereby incurred. The Lizers requested that the court award them the $7,025.83 in attorney fees that they had incurred through the trial, plus additional costs resulting from the post-trial proceedings.

On January 30, 1992, the trial court ordered that plaintiff had until February 6, 1992, to respond to the petition. In the meantime, the Lizers' counsel filed a supplemental affidavit requesting attorney fees of $8,812.31.

On February 26, 1992, the court denied plaintiff's motion to reconsider. On March 31, 1992, after it denied plaintiff's motion to strike the petition for sanctions, the court ruled on the petition. The court declined to impose sanctions based on count III of the complaint. The judge explained that, although Diane Lizer received a directed verdict on this claim, plaintiff's attorney could conceivably have believed with reason that there was some basis for bringing this count of the complaint. However, the court granted the Lizers the attorney fees they incurred in connection with count IV, which alleged negligent entrustment by Jeffrey Lizer. The judge explained that any reasonable inquiries would have disclosed that there was no basis for alleging that Jeffrey Lizer was liable for negligent entrustment.

The trial court awarded the Lizers 20% of the total fees they had requested. The judge recognized that the Lizers employed the same attorney to defend them against both counts III and IV of the complaint and that, as a result, the Lizers would have accumulated some of their attorney fees even had count IV never been brought. The judge concluded that 20% of the overall fees was a reasonable amount

to compensate Jeffrey Lizer for the costs he incurred from the frivolous negligent entrustment claim.

Plaintiff filed a conclusionally phrased motion to reconsider the sanctions order. The Lizers also moved for reconsideration of the denial of sanctions based on count III of plaintiff's complaint. At a hearing that attorney Wilson did not attend, the trial court affirmed its ruling in all respects.

On August 31, 1992, attorney Wilson timely appealed the imposition of the Rule 137 sanctions. On September 17, 1992, the Lizers cross-appealed from the denial of sanctions as to count III. On October 23, 1992, this court entered an order which (1) dismissed Wilson's appeal because he had not established that the appeal was timely filed; and (2) denied the Lizers' motion to file their cross-appeal on the basis that the Lizers had not complied with the requirements of Supreme Court Rule 303(e) (134 Ill. 2d R. 303(e)) for filing a cross-appeal more than 10 days from the appeal as normally required under Rule 303(a)(3) (134 Ill. 2d R. 303(a)(3)). Our order stated that it was final and would stand as the mandate of this court.

On December 2, 1992, we entered an order reinstating attorney Wilson's appeal in this case. The order does contain language scheduling the due dates for the parties' briefs, including the "appellee-cross-appellant's brief." However, neither this nor any later order of this court actually granted the Lizers leave to file the untimely cross-appeal.

■ Before we turn to the merits of attorney Wilson's appeal, we explain why we do not reach the Lizers' purported cross-appeal. As the facts we recited make clear, the cross-appeal was not timely filed, and this court never granted the Lizers permission to file a late notice of cross-appeal. It is clear that this court dismissed the cross-appeal on jurisdictional grounds, and the Lizers do not now contend that their cross-appeal comported with Supreme Court Rule 303. However, they argue that the language in the order of December 2, 1992, setting a due date for the "cross-appellant's" brief, implicitly reinstated the cross-appeal. We cannot accept this argument. The language to which the Lizers point was surplusage and was not properly a part of the December 2, 1992, order. It is clear that the Lizers' cross-appeal was untimely and that this court has already dismissed it on jurisdictional grounds. As this court never attained jurisdiction over the attempted cross-appeal, it is clear that the surplusage in the December 2, 1992, order cannot reasonably be read to "reinstate" by implication a cross-appeal that was never properly perfected.

We turn to attorney Wilson's appeal from the imposition of

sanctions based on the filing of the negligent entrustment count against Jeffrey Lizer. Although attorney Wilson's brief is not entirely clear, it appears that his main arguments are that (1) the Lizers' petition contained mere unsupported conclusions and (2) the trial judge did not have a sufficient basis for awarding the sum that he did. We find no merit in either argument.

■ Rule 137 enables a trial court to impose sanctions, including reasonable attorney fees against a party or an attorney who violates its requirements. The relevant requirements here are that the signature of an attorney on a pleading is a certificate by the attorney that he has read the pleading and that "to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." (134 Ill. 2d R. 137.) The rule serves to penalize the litigant or attorney who pleads false or frivolous matters, or who brings suit without any basis in the law. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77; *Edward Yavitz Eye Center, Ltd. v. Allen* (1993), 241 Ill. App. 3d 562, 569.) Whether to impose sanctions under Rule 137 is a matter for the trial court's discretion, and we will not reverse the trial court's decision absent an abuse of discretion. *Allen*, 241 Ill. App. 3d at 568-69.

■ We conclude that the trial court did not abuse its discretion in holding that the filing of count IV was sanctionable. To recover for negligent entrustment of a vehicle, a plaintiff must plead and prove that the defendant entrusted the vehicle to an incompetent or unfit person and that the defendant knew or should have known, at the time of the entrustment, of the user's unfitness. (*Pelczynski v. J.W. Peters & Sons, Inc.* (1989), 178 Ill. App. 3d 882, 885.) Here, plaintiff never alleged or even *attempted* to prove that, at the time he allowed Diane Lizer to use his vehicle, Jeffrey Lizer knew or had reason to know that Diane Lizer was incompetent or unfit to use the vehicle. Assuming *arguendo* that plaintiff had been able to introduce any evidence that Diane Lizer was negligent or that her negligence caused plaintiff's injuries, this would in no way have allowed a jury to conclude that she was unfit to drive the vehicle on the day of the accident or that Jeffrey Lizer should have known of this unfitness.

■ Because plaintiff's claim that Jeffrey Lizer negligently entrusted his vehicle to Diane Lizer (and that this negligence proximately caused plaintiff's injuries) was sheer speculation unsupported by specific facts or even by specific allegations of fact, the trial court was well within its discretion in concluding that the negligent entrustment claim was baseless and frivolous. Also, from the

complete lack of any pleading or proof of negligent entrustment, the trial court could infer that plaintiff's counsel had neglected to make any reasonable prefiling inquiries as to the merits of such a claim.

■ Attorney Wilson argues further that the trial court erred in awarding the Lizers 20% of their overall attorney fees as a sanction for the bringing of the frivolous count. However, he does not maintain, and we cannot say, that the Lizers' attorney fees were inadequately documented or unreasonable. Rule 137 gives the trial court the discretion to award reasonable attorney fees. We cannot fault the trial judge's reasoning in awarding the Lizers only 20% of the fees that were incurred in the simultaneous defense of the two intertwined charges. Thus, we cannot say that the court abused its discretion or that it violated Rule 137 by failing to award reasonable attorney fees to the Lizers.

■ Finally, we address some ancillary matters on appeal. Attorney Wilson has moved to strike that part of the Lizers' brief dealing with the cross-appeal. As we have dismissed the cross-appeal, we grant the motion. However, we decline to follow attorney Wilson's request (unsupported by argument or authority) to impose sanctions for the filing of these extraneous matters. We note that attorney Wilson has not replied to the arguments of the purported cross-appeal and has in no way indicated what additional expense, if any, he has incurred as a result of the Lizers' attempt to argue their cross-appeal.

■ The Lizers have requested that we impose sanctions against attorney Wilson, under Supreme Court Rule 375 (134 Ill. 2d R. 375), for bringing what the Lizers assert is a frivolous and bad-faith appeal. Although we have found no merit in the appeal, we decline to hold that it is so lacking in foundation as to warrant the imposition of sanctions.

The judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.