J.F. HECKINGER, Plaintiff-Appellee, v. MICHAEL WELSH, d/b/a Welsh Industries, Ltd., *et al.*, Defendants-Appellants.

Second District    No. 2—02—0190

Opinion filed May 27, 2003.

Donald L. Shriver and James C. Thompson, both of Shriver, O'Neill & Thompson, of Rockford, for appellants.

Thomas E. Greenwald, of Oliver, Close, Worden, Winkler & Greenwald, of Rockford, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendants, Michael Welsh, d/b/a Welsh Industries, Ltd., and Welsh Industries, Ltd., appeal from an order striking their amended motion for sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137). We reverse and remand.

On June 28, 1999, plaintiff, J.F. Heckinger, sued defendants, contending in seven counts that defendants had not paid him on notes for purchases of Boy Scout patches, flaps, and other memorabilia. A default judgment for over $118,000 was entered on November 24, 1999. Plaintiff then began proceedings to discover defendants' assets. On October 30, 2000, after plaintiff began a garnishment action, defendants moved to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 2000)), alleging that, after they were served with the complaint, they contacted plaintiff, paid off some of the notes, and understood that the complaint was to be dismissed. The motion was granted on May 1, 2001.

On May 31, 2001, plaintiff moved to voluntarily dismiss his complaint pursuant to section 2—1009(a) of the Code (735 ILCS 5/2—1009(a) (West 2000)). The court granted plaintiff's motion and dismissed the complaint on June 8, 2001.

On July 9, 2001, defendants moved for sanctions, contending that plaintiff's complaint and other papers were unwarranted and filed for improper purposes in violation of Rule 137. More specifically, defendants' motion alleged that plaintiff obtained a default judgment on notes that he knew had been fully or partially paid. Defendants also sought their attorney fees, costs, and expenses.

Plaintiff moved to strike defendants' motion for sanctions. He argued that defendants' motion was deficient for failing to specify which statements or documents were allegedly false and what amount of fees was incurred as a result of the untrue allegations. On November 15, 2001, the court granted plaintiff's motion to strike but also granted defendants leave to file an amended motion. Defendants filed an amended motion for sanctions on December 11, 2001.

Plaintiff then moved to strike defendants' amended motion for sanctions. Again, he contended that defendants' motion lacked the requisite specificity, but he also argued that defendants failed to allege that they incurred any expenses in responding to the complaint because the only expenses they incurred were in seeking relief from the default judgment. After a hearing, the court granted plaintiff's motion to strike, concluding that defendants did not have a viable cause under Rule 137 because they never responded to the complaint. Defendants appeal.

■ Generally, the decision to grant or deny sanctions under Rule 137 is left to the trial court's discretion. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244 (2000). In this case, defendants argue that we should apply a *de novo* review because the court summarily dismissed their motion without an evidentiary hearing. We agree. Here, the court determined that, as a matter of law, there was no viable cause for sanctions under Rule 137 if the movant did not respond to the offensive pleading. The court's interpretation of the rule was a legal one, and therefore we review that determination *de novo. In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998).

■ Rule 137 is designed to penalize the litigant who pleads false or frivolous matters or who brings a lawsuit without any basis in the law. *Swanson v. Carter*, 258 Ill. App. 3d 157, 162 (1994). The rule mandates that, by signing a pleading, motion, or other paper, the attorney certifies that "to the best of his [or her] knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." 155 Ill. 2d R. 137. For sanctions to be imposed, the movant must show that the opponent made false allegations without reasonable cause. *Technology Innovation*, 315 Ill. App. 3d at 243.

Here, we must resolve whether the trial court erred by granting plaintiff's motion to strike defendants' amended motion for sanctions for not stating a viable cause under Rule 137. Defendants disagree with the court's conclusion that, to maintain a cause for Rule 137 sanctions, they were required to file a responsive pleading to the complaint. For the reasons that follow, we agree with defendants.

■ Rule 137 sanctions are inapplicable, plaintiff insists, because defendants did not respond to the initial complaint and thus did not incur any damages from the offensive pleading. The rule's plain language, however, does not require that a party seeking sanctions incur any damages at all. Regarding the award of sanctions, the rule states:

"If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 155 Ill. 2d R. 137.

Plaintiff's contention focuses on defendants' response (or lack thereof) to the filing of the offensive pleading. Conversely, the rule's focus is exclusively on the party's action of filing the unreasonable pleading. We find no language in the rule suggesting that parties are required to file responsive papers before seeking sanctions.

Plaintiff also objects to defendants' request for attorney fees, costs, and expenses as the sanction. He points out that these fees were incurred when defendants sought relief from the default judgment; therefore, they were not damages directly related to the complaint. In their motion for sanctions, defendants requested attorney fees, but, as Rule 137 states, the court had the discretion to determine the appropriate sanction for the circumstances. When imposing sanctions, a court has several options, including "a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 878 (5th Cir. 1988) (construing Fed. R. Civ. P. 11); see *Edward Yavitz Eye Center, Ltd. v. Allen,* 241 Ill. App. 3d 562, 569 (1993) (Rule 137 is almost identical to Rule 11 of the Federal Rules of Civil Procedure, and we may seek guidance from the federal courts' interpretation of that rule). Simply put, the plain language of Rule 137 does not require that the moving party incur damages related to the offensive pleading to maintain a cause for sanctions.

■ In addition, our courts have consistently held that attorney fees awarded as a sanction do not have to be directly related to the offensive pleading. For example, in *Ashley v. Scott,* 266 Ill. App. 3d 302, 306 (1994), the court determined that the trial court erred by reducing the sanction of attorney fees where some of the fees were for the benefit of a coparty. It noted that Rule 137 permits as a sanction "the amount of reasonable expenses incurred by the other party *because of the filing of the pleading.*" (Emphasis added.) *Ashley,* 266 Ill. App. 3d at 306. It also disagreed with the trial court's conclusion that all the awarded fees had to directly benefit the moving party, stating, "[a]ll of the father's legal expenses in this matter were actually incurred as a result of the untrue pleading, because but for that pleading, the father would not have been involved in the lawsuit." *Ashley,* 266 Ill. App. 3d at 307.

Likewise, in *Dayan v. McDonald's Corp.*, 126 Ill. App. 3d 11, 23 (1984) (discussing section 2—611 of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), the predecessor to Rule 137), the court considered whether, when the trial court awarded attorney fees as a sanction, those fees had to relate only to the untrue counts of the complaint. The *Dayan* court held that such an isolated focus was unnecessary because the false allegations in the complaint were "the cornerstone of the entire baseless lawsuit." *Dayan*, 126 Ill. App. 3d at 23-24. Without the falsities in the complaint, there would not have been a dispute, the court concluded, and thus the party's expenses and fees in defending the suit would not have been incurred. *Dayan*, 126 Ill. App. 3d at 24.

■ As *Ashley* and *Dayan* indicate, defendants would not have incurred the attorney fees and expenses in vacating the default judgment had plaintiff not filed the complaint. Rule 137 permits the moving party to seek such expenses. As a result, we conclude that the trial court erred by striking defendants' amended motion for sanctions and determining that they failed to allege a cause under Rule 137. Defendants were entitled to an evidentiary hearing on the merits of their motion.

Additionally, the parties disagree about whether, after plaintiff voluntarily withdrew it, the complaint was still a proper basis for sanctions. On this point, the law is clear. Even if a party withdraws the offensive pleading, he or she is still accountable for the damage done by violating Rule 137. *Yavitz*, 241 Ill. App. 3d at 571. "[A] baseless complaint needlessly burdens both the court and individuals, even where the plaintiff soon dismisses the action." *Yavitz*, 241 Ill. App. 3d at 572. "If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.' [Citation.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398, 110 L. Ed. 2d 359, 377, 110 S. Ct. 2447, 2457 (1990).

For the foregoing reasons, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON, P.J., and McLAREN, J., concur.