**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220469-U

Order filed January 4, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0469 Circuit No. 12-CF-339 |
| | ) | |
| LUIS M. MORETA, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice McDade and Justice Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The court properly dismissed defendant's second-stage postconviction petition, and postconviction counsel provided reasonable assistance.

¶ 2    Defendant, Luis M. Moreta, appeals from the Du Page County circuit court's second-stage dismissal of his postconviction petition. First, defendant argues that the court erred in dismissing his petition because he made a substantial showing of ineffective assistance of trial counsel. Second, defendant contends that postconviction counsel provided unreasonable assistance by failing to attach a witness's affidavit to the amended petition. We affirm.

I. BACKGROUND

¶ 4            After a jury trial, defendant was convicted of armed robbery (720 ILCS 5/18-2(a)(2) (West 2010)). The evidence adduced at trial showed that defendant contacted Ross-Emerson about using Craigslist to commit a robbery together. Defendant's girlfriend and Ross-Emerson's girlfriend were sisters, Alison and Jennifer DuBonetti, respectively. Ross-Emerson created a fraudulent Craigslist post to sell a non-existent motorcycle using a new email address and fake photographs found online. Defendant went with Ross-Emerson to purchase a prepaid cell phone to facilitate Ross-Emerson's communication with potential buyers, and later, defendant purchased more minutes for the phone. Bank records and store receipts corroborated the transactions. Several weeks before the charged incident, defendant, Ross-Emerson, and Victor Arroyo unsuccessfully attempted to rob an unrelated individual through Craigslist.

¶ 5            On December 2, 2011, Samual Benito-Ortiz communicated with Ross-Emerson regarding Ross-Emerson's Craigslist post and arranged a meeting at approximately 9 p.m. Defendant drove Arroyo and Ross-Emerson in his black Dodge van to a dark location in a parking lot. Arroyo and Ross-Emerson observed defendant's black revolver and silver semiautomatic firearm in the front console. Ross-Emerson negotiated the price for the motorcycle to $3700, which Benito-Ortiz confirmed that he had brought when Ross-Emerson first met him in the parking lot. Aldwin Caraballo and Wesley Guarderas accompanied Benito-Ortiz. Ross-Emerson called defendant's cell phone and told him there were too many people with Benito-Ortiz, but defendant instructed Ross-Emerson to continue with their plan. Phone records corroborated the calls Ross-Emerson made to defendant and Benito-Ortiz. Ross-Emerson led the three individuals to the van, where defendant and Arroyo jumped out, wearing black hooded sweatshirts and clothing covering their faces and pointing guns. Defendant held the black revolver to Benito-Ortiz's head while Arroyo

held the silver semiautomatic firearm. Defendant and Arroyo took keys and money from Caraballo, Benito-Ortiz, and Guarderas. All three were then ordered to walk out of view and defendant, Ross-Emerson, and Arroyo drove away in the van.

¶ 6    After the robbery, defendant split the stolen $3700 between himself, Ross-Emerson, and Arroyo. Later, defendant gave police written consent to search his residence, where officers located a black revolver and defendant's cell phone. Caraballo, Guarderas, Ross-Emerson, and Arroyo identified the black revolver located in defendant's bedroom closet, as well as one located in defendant's black Dodge van, as those used in the robbery. Testimony from Alison and Jennifer's mother, Theresa DuBonetti; Alison's boss; and Alison was offered in support of defendant's alibi that he was with Alison at the time of the crime.

¶ 7    The jury found defendant guilty. Defendant filed a motion for a new trial, which the court denied. The court sentenced defendant to a term of natural life imprisonment. On appeal, defendant argued that the court erred in allowing a police officer to testify regarding cell phone records absent qualifying him as an expert, and that the State committed prosecutorial misconduct in its closing argument. The Second District affirmed. *People v. Moreta*, 2017 IL App (2d) 150375-U, ¶ 37.

¶ 8    Defendant filed a *pro se* postconviction petition raising a number of claims, including, *inter alia*, that trial counsel was ineffective for failing to investigate and present Jennifer's testimony. Defendant stated that Jennifer "knew that [defendant] did not commit" the offense but detectives "pressured and threatened" her to say he had. Defendant attached a notarized letter from Jennifer, stating that she told the police that Ross-Emerson repeatedly requested to use defendant's van for the robbery. Further, defendant could not have committed the crime because Jennifer observed defendant and Alison bring their children to Theresa's house to watch them while defendant and Alison went out. Jennifer was present when Ross-Emerson used defendant's van

3

and called defendant after the robbery to let him know "everything went good." Jennifer also stated that the police department was "corrupt" and threatened to take her child away, which coerced her statement that defendant participated in the crime. The court appointed counsel and advanced defendant's petition to the second stage.

¶ 9        Counsel filed a compliant Rule 615(c) certificate and an amended postconviction petition, alleging that trial counsel provided ineffective assistance when it failed to: (1) move to suppress the consent to search defendant's apartment, which resulted in the discovery of the revolver and cell phone; (2) effectively argue the motion *in limine* to bar evidence of other crimes; (3) object or move to limit the other-crimes evidence; (4) propose jury instructions to address the evidence; and (5) preserve his contentions in a posttrial motion. It further alleged that appellate counsel was ineffective for failing to raise the listed issues on appeal. Postconviction counsel attached an affidavit from defendant to the petition. The court granted the State's motion to dismiss defendant's petition. Defendant appealed.

¶ 10                                    II. ANALYSIS

¶ 11       On appeal, defendant argues (1) the circuit court erred by granting the State's motion to dismiss his amended postconviction petition at the second stage because his *pro se* petition made a substantial showing of ineffective assistance of trial counsel for failing to call Jennifer as a witness, and (2) postconviction counsel provided unreasonable assistance when it failed to attach an affidavit from Jennifer to its amended petition.

¶ 12       The Post-Conviction Hearing Act (Act) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2016). Postconviction proceedings allow inquiry into constitutional

4

issues involved in the original conviction and sentence that were not and could not have been previously adjudicated on direct appeal. *People v. Lucas*, 203 Ill. 2d 410, 417-18 (2002). To be entitled to postconviction relief, defendant bears the burden of making a substantial showing of a constitutional violation in the proceeding, which resulted in the conviction being challenged. 725 ILCS 5/122-1(a) (West 2016); *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006).

¶ 13        The Act provides for three stages of postconviction proceedings. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the circuit court must either dismiss the petition if it is frivolous or patently without merit or docket the petition for further consideration. 725 ILCS 5/122-2.1(a)(2), (b) (West 2016); *Pendleton*, 223 Ill. 2d at 472. At the second stage of the proceedings, the court may appoint counsel for an indigent defendant, who would make any necessary amendments to the petition. 725 ILCS 5/122-4, 122-5 (West 2016); *Pendleton*, 223 Ill. 2d at 472. If the allegations in the petition, as supported by the record or accompanied affidavits, have made a substantial showing of a violation of constitutional rights, the postconviction proceedings advance to a third-stage evidentiary hearing. 725 ILCS 5/122-6 (West 2016); *Pendleton*, 223 Ill. 2d at 472-73.

¶ 14        To ensure a reasonable level of assistance, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), requires counsel to: (1) consult with defendant, by mail or in person, to determine his claims of constitutional deprivation; (2) examine the record of the challenged proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of defendant's claims. A rebuttable presumption that postconviction counsel provided reasonable assistance arises when counsel files a certificate indicating that Rule 651(c)'s requirements were complied with. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Here, counsel filed the required certificate, and we presume he provided reasonable assistance. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties

5

mandated by Rule 651(c)." *Id.* We review whether postconviction counsel substantially complied with Rule 651(c) *de novo. People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 15    We initially observe that while defendant argues on appeal that the court erred in dismissing defendant's postconviction petition at the second stage because trial counsel was ineffective for failing to call Jennifer as a witness, this contention was abandoned in the amended postconviction petition filed by appointed counsel. Where a petitioner alleges a specific ineffectiveness of counsel contention in a *pro se* petition, but the amended petition subsequently filed by appointed counsel does not advance the contention, that issue is not before the court. *People v. Phelps*, 51 Ill. 2d 35, 38 (1972).

¶ 16    Moreover, defendant does not argue on appeal the unreasonable assistance of postconviction counsel for failing to shape and advance the Jennifer claim in the amended postconviction petition. Instead, defendant reasons that the court should have considered counsel's amended petition as an addendum to defendant's *pro se* petition, and that the court was required to consider both. We disagree. It is well accepted that an amended pleading "supersedes" prior pleadings. *People v. Cross*, 144 Ill. App. 3d 409, 412 (1986) ('[A]n amendment which is complete in itself and which makes no reference to the prior pleading supersedes it *** being in effect abandoned or withdrawn."). Where postconviction counsel did not advance defendant's *pro se* claim at the second stage, the court did not abuse its discretion in denying a claim no longer before it at the second-stage proceedings.

¶ 17    For the same reason defendant's claim that postconviction counsel provided unreasonable assistance for failing to attach an affidavit from Jennifer to its amended petition necessarily fails. As noted above, appointed counsel did not include the Jennifer contention in the amended

postconviction petition, rendering any affidavit from her irrelevant. *Supra* ¶ 15. Counsel did not provide unreasonable assistance for failing to support a claim not included in the amended petition.

¶ 18　　Finally, we note defendant's argument, raised for the first time in his reply brief, that postconviction counsel provided unreasonable assistance where he did not include defendant's *pro se* Jennifer contention in the amended postconviction petition. This argument, however, is forfeited where it was not raised in defendant's appellant brief. *People v. Borello*, 389 Ill. App. 3d 985, 998 (2009) (citing Illinois Supreme Court Rule 341(h)(7)'s admonition, "[p]oints not argued [in the appellant's brief] are forfeited and shall not be raised in the reply brief \*\*\*.")).

¶ 19　　　　　　　　　　　　　III. CONCLUSION

¶ 20　　The judgment of the circuit court of Du Page County is affirmed.

¶ 21　　Affirmed.