Travis v. American Mfgs. Ins. Co. 

(text box: 1) NO. 5-02-0059

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

JESSIE TRAVIS, Individually and on Behalf )  Appeal from the

of All Others Similarly Situated, )  Circuit Court of

)  Madison County.

     Plaintiff-Appellee, )

)

v. )  No. 01-L-290

)

AMERICAN MANUFACTURERS MUTUAL )

INSURANCE COMPANY, )

)

     Defendant-Appellant, )  

)

and )

)

CCC INFORMATION SERVICES, INC., )  Honorable

)  Daniel J. Stack,

     Defendant. )  Judge, presiding.

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Jessie Travis (plaintiff), a citizen of Madison County, purchased a policy of automobile insurance from American Manufacturers Mutual Insurance Company (defendant).  The policy covered her 1992 Dodge Caravan.  In November 1999, plaintiff was involved in an automobile accident in Madison County in which her vehicle sustained significant damage.  She submitted a claim for her property damage to defendant, who declared the vehicle a total loss.  Defendant offered plaintiff $4,379 as the actual cash value of the vehicle, and plaintiff accepted that amount.

On August 24, 2001, plaintiff filed, in the circuit court of Madison County, an amended class action lawsuit against defendant and CCC Information Services, Inc. (CCC).
(footnote: 1) Plaintiff alleges claims of a breach of the insurance contract, statutory fraud, and common law fraud.  Plaintiff accuses defendant of engaging in a fraudulent scheme.  Plaintiff claims that defendant contracted with CCC to provide defendant with biased, below-market estimates of total-loss-vehicle values.  Plaintiff claims that defendant uses these estimates, which are arrived at by using valuation reports generated by a computer software program that systematically undervalues the actual cash value of total-loss vehicles, to defraud its insureds in connection with the insureds' claims for the total loss of their vehicles.  Plaintiff charges defendant with intentionally reducing its overall total-loss claims payout at the expense of its insureds by using these biased reports, which at first blush appear independent and unbiased.  According to plaintiff, defendant relies on these reports to demonstrate the purported "reasonableness" of what it determines to be the actual cash value of the totaled vehicle so that the insureds either will not challenge the valuation amount or, although challenging the valuation, will settle for an amount greater than the valuation but still less than the actual cash value of the vehicle.

Plaintiff further alleges that an integral part of the fraudulent scheme is a provision of the insurance policy which requires the parties to submit to an appraisal of the loss if requested by either the insured or the insurer.  The appraisal provision requires the insured and the insurer to each hire, at their own expense, an appraiser and to bear equally the expenses of an umpire selected by the two appraisers, as well as any other expenses of the appraisal.  Since the amount by which the insureds' total-loss claims are underpaid is less than the cost of the appraisal, defendant knows that the insureds will forego the appraisal process and accept less than the actual cash value of the vehicle for their total-loss claims.  This is precisely what plaintiff alleges she did.   

Upon the filing of plaintiff's class action lawsuit, defendant filed a motion to compel an appraisal and to dismiss the lawsuit or to stay the lawsuit pending the appraisal.  Both parties briefed the motion, and oral argument was heard.  On January 7, 2002, the circuit court of Madison County entered an order denying defendant's motion to compel an appraisal and dismiss or stay the proceedings.  The order incorporates by reference the court's oral ruling made at the hearing on the motion and cites 
Lundy v. Farmers Group, Inc.
, 322 Ill. App. 3d 214 (2001).  In its oral ruling, the trial court essentially found that plaintiff's claims of breach of contract and fraud do not fall within the scope of the appraisal clause and that therefore plaintiff cannot be compelled to submit them to appraisal.

Defendant filed a notice of interlocutory appeal on January 9, 2002.  We have jurisdiction over this appeal pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)).

We begin by pointing out that an appraisal clause is analogous to an arbitration clause and is enforceable in a court of law in the same manner as an arbitration clause.  
Beard v. Mount Carroll Mutual Fire Insurance Co.
, 203 Ill. App. 3d 724, 727 (1990).  Accordingly, we will use the two terms interchangeably.  

We turn first to a determination of the proper standard of review.  Both parties agree that in an appeal from an interlocutory order granting or denying a motion to compel arbitration, the only issue before the reviewing court is whether there was a showing sufficient to sustain the order of the trial court granting or denying the motion (
J&K Cement Construction, Inc. v. Montalbano Builders, Inc.
, 119 Ill. App. 3d 663, 667 (1983)).  Plaintiff argues that this is an abuse-of-discretion standard, while defendant counters that where the trial court renders its decision without an evidentiary hearing and without findings on any factual issues, 
de novo
 review is appropriate.  We agree with defendant.  See 
Amalgamated Transit Union, Local 900 v. Suburban Bus Division of Regional Transportation Authority
, 262 Ill. App. 3d 334, 337 (1994) (where the trial court determines  whether or not to compel arbitration without evidentiary hearings and without making any factual findings on any factual issues, the finding is made as a matter of law and is reviewable 
de novo
).  In the instant case, the trial court made no findings of fact but took the well-pleaded allegations of the complaint as true.  The only question before the trial court was whether the insurance contract contained a mandatory appraisal clause that applied to the controversy at issue between the parties.  This was a determination made as a matter of law.  

A motion to compel arbitration and dismiss the lawsuit is similar to a motion to dismiss pursuant to section 2-619(a)(9) of  the Illinois Code of Civil Procedure, which allows a dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim.  735 ILCS 5/2-619(a)(9) (West 2000).  The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 115 (1993).  A motion to compel arbitration and dismiss the lawsuit is essentially a motion pursuant to section 2-619(a)(9) to dismiss based on the exclusive remedy of arbitration.  Such a motion admits the legal sufficiency of the plaintiff's complaint but interposes some affirmative matter that prevents the lawsuit from going forward.  
Kedzie & 103rd Currency Exchange, Inc.
, 156 Ill. 2d at 115.  On appeal from a ruling on a section 2-619(a)(9) motion, the standard of review is 
de novo
.  
Kedzie & 103rd Currency Exchange, Inc.
, 156 Ill. 2d at 116-17.

Furthermore, the decision whether to compel arbitration is not discretionary.  Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it.  
TDE Ltd. v. Israel
, 185 Ill. App. 3d 1059, 1063 (1989) (parties to an arbitration agreement are irrevocably committed to arbitrate all disputes clearly arising under the agreement).  On the other hand, where there is no valid arbitration agreement or where the parties' dispute does not fall within the scope of that agreement, the trial court may not compel it.  
Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.
, 181 Ill. 2d 373, 382 (1998) (a party cannot be forced to arbitrate a dispute that the party has not agreed to submit to arbitration).

Accordingly, we will employ a 
de novo
 standard of review, with a view to determining whether there was a sufficient showing to sustain the trial court's order denying the motion to compel appraisal.  Nevertheless, even were we to accord the more deferential review required by an abuse-of-discretion standard, we would reach the same result.

Defendant argues on appeal that the appraisal provision of the insurance contract unambiguously requires plaintiff to submit to appraisal the "key factual issue underlying each of plaintiff's theories of recovery"–the amount of loss.  Defendant argues: "The amount of plaintiff's loss must be determined at some point in this case, and the appraisal provision clearly states how the parties have agreed to make that determination ***.  ***  [Defendant] seeks to compel appraisal to determine only a single, narrow factual matter: the actual cash value of plaintiff's vehicle, which will determine the amount of loss under the Policy."  We understand defendant's argument to be that it does not wish to submit the entire lawsuit to the appraisal process, but only the factual determination of the actual cash value of  plaintiff's vehicle, to be used as evidence at the trial of plaintiff's complaint.  This argument makes no sense in the context of defendant's motion in the trial court, which sought the dismissal of the lawsuit based on the exclusive remedy of an appraisal.  Further, a motion to limit the type of evidence to be admitted at the trial was premature here where the complaint was not yet at issue, defendant having not yet answered it.  

Accordingly, we will address the propriety of the trial court's ruling, on defendant's motion to compel an appraisal and dismiss or stay the lawsuit, that the dispute at issue did not fall within the scope of the appraisal clause.  At a hearing on a motion to compel arbitration, the only issue before the court is whether an agreement exists to arbitrate the dispute in question.  
City of Centralia v. Natkin & Co.
, 257 Ill. App. 3d 993, 995 (1994).  If the language of an arbitration agreement is clear and it is obvious that the dispute desired to be arbitrated falls within the scope of the arbitration clause, the court should compel arbitration.  
City of Centralia
, 257 Ill. App. 3d at 996.  Likewise, if it is obvious that the issue sought to be arbitrated is not within the scope of the arbitration clause, the court should decide the arbitrability issue in favor of the opposing party, because no agreement to arbitrate the dispute exists.  
Caudle v. Sears, Roebuck & Co.
, 245 Ill. App. 3d 959, 963 (1993).  The parties are bound to submit to arbitration only those issues that they have agreed clearly to resolve through the arbitration mechanism, and a court should not extend an agreement by construction or implication.  
J&K Cement Construction, Inc. v. Montalbano Builders, Inc.
, 119 Ill. App. 3d 663, 669 (1983). 

The parties in the case at bar agree that the insurance policy contained an appraisal clause which provided, "If we and you do not agree on the amount of loss, either may demand an appraisal of the loss."  The parties disagree on whether their dispute involves "the amount of loss" and whether it falls within the scope of the appraisal provision.  We conclude, as did the trial court, that plaintiff's complaint raises much more than a dispute over the actual cash value of her vehicle, that is, the amount of loss, and that the issues raised by the complaint do not fall within the scope of the appraisal clause and could not, in any event, be resolved through the appraisal process. 

In 
Lundy v. Farmers Group, Inc.
, 322 Ill. App. 3d 214 (2001), the plaintiff filed a class action lawsuit against her insurer after her car was damaged in a collision.  The plaintiff alleged that the insurer had acted fraudulently in requiring its authorized repair shops to use inferior replacement parts rather than more expensive original equipment manufacturer parts on automobiles that were covered under its insurance policies.  The plaintiff's second amended complaint included claims on behalf of herself and the alleged class members and alleged, 
inter alia
, fraud and breach of contract.  
Lundy
, 322 Ill. App. 3d at 217.  The insurance contract in issue had an appraisal clause that was nearly identical to the one before us.  The insurer sought to enforce the clause.  
Lundy
, 322 Ill. App. 3d at 216.  In considering the plaintiff's fraud claims and the insurer's appraisal request, the appellate court stated:

"[C]ontrary to [the insurer's] assertion, the trial court's analysis does not end with whether an arbitration or appraisal clause existed.  The court must also determine whether the parties' dispute is covered by the particular clause.  [Citation.]

Here, the appraisal process provided for in the policy was designed solely to resolve disputes over the amount of the loss.  [The insurer] argues that the amount of the loss is the threshold issue for each of plaintiff's claims, but that argument oversimplifies the issues raised in plaintiff's second amended complaint.  The resolution of plaintiff's claims will require a determination of whether [the insurer] misrepresented to its policyholders the quality of repair parts that [the insurer] would pay for under its policies.  This question requires an interpretation of the policy language, in particular, the phrase 'like kind and quality.'  These issues cannot be resolved through the appraisal process.  Consequently, we agree with the trial court that the issues plaintiff raised in her second amended complaint were not subject to the appraisal clause."  
Lundy
, 322 Ill. App. 3d at 219.

Likewise, we find that the instant case presents much more than a disagreement between the parties concerning the actual cash value of plaintiff's vehicle.

Here, plaintiff contends that defendant is engaged in a fraudulent scheme to undervalue insureds' vehicles that are declared a total loss, in order to increase its own profits.  Plaintiff's claims focus upon whether defendant defrauded her and thereby breached the terms of the policy.  Plaintiff's amended complaint specifically focuses upon the appraisal provision and claims that defendant inserts the appraisal provision into its policy as one way to effectuate its wrongful scheme, because insureds will forego their unpaid claims rather than pursue the expensive appraisal process, especially because the disputed amount is virtually always worth less than the cost of pursing an appraisal.  The amended complaint further alleges, "As designed, the appraisal clause prevents plaintiff and the class from effectively vindicating their statutory and common law causes of action."  This language establishes that plaintiff's amended complaint presents much more than a disagreement between the parties concerning the actual cash value of the vehicle.  Accordingly, the dispute is not covered by the appraisal clause, and the trial court did not err in denying defendant's motion to compel an appraisal.

Finally, we reject defendant's argument that the trial court erroneously considered the merits of plaintiff's claims and the cost of an appraisal when it denied the motion to compel an appraisal.  Defendant correctly asserts that when a trial court rules on a motion to compel an appraisal, any venture into the merits of the claim underlying the dispute is improper.  
TDE Ltd.
, 185 Ill. App. 3d at 1064.  Defendant asserts that, in ruling on the motion to compel appraisal, the trial court erroneously considered whether plaintiff might ultimately prove her claims and the cost of an appraisal.  We have reviewed the trial court's oral pronouncements at the hearing, as well as its written order denying the motion, and we do not agree with defendant that the trial court erroneously considered these matters in deciding the motion.  The trial court properly ruled on defendant's motion to compel an appraisal.  

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.  The cause is remanded for further proceedings consistent with this opinion.

Affirmed; cause remanded.

HOPKINS, P.J., and GOLDENHERSH, J., concur.

                                      NO. 5-02-0059

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

JESSIE TRAVIS, Individually and on Behalf )  Appeal from the

of All Others Similarly Situated, )  Circuit Court of

)  Madison County.

     Plaintiff-Appellee, )

)

v. )  No. 01-L-290

)

AMERICAN MANUFACTURERS MUTUAL )

INSURANCE COMPANY, )

)

     Defendant-Appellant, )  

)

and )

)

CCC INFORMATION SERVICES, INC., )  Honorable

)  Daniel J. Stack,

     Defendant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: December 24, 2002

___________________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Terrence J. Hopkins, P.J., and

Honorable Richard P. Goldenhersh, J.,

Concur

___________________________________________________________________________________

Attorneys
 Michael L. McCluggage, Michael R. Blankshain, Derek C. Smith, Wildman, 

for
 Harrold, Allen & Dixon, 225 West Wacker Drive, Suite 3000, Chicago, IL 60606-

Appellant
 1229; Gordon R. Broom, Troy Bozarth, Burroughs, Hepler, Broom, MacDonald,

Hebrank & True, 103 W. Vandalia Street, Suite 300, P.O. Box 510, Edwardsville, 

IL 62025

___________________________________________________________________________________

Attorneys
 Gail G. Renshaw, The Lakin Law Firm, P.C., 301 Evans Avenue, P.O. Box 229,

for
 Wood River, IL 62095-0229; Paul M. Weiss, Freed & Weiss, LLC, 111 West

Appellee
 Washington Street, Suite 1331, Chicago, IL 60602

___________________________________________________________________________________

FOOTNOTES
1:
CCC is not a party to this appeal but was named as a codefendant in the suit.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 12/24/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.