# Illinois Official Reports

## Appellate Court

> ### *Evans v. Chicago Newspaper Guild-CWA, Local No. 34071,*
> ### 2020 IL App (1st) 200281

| | |
|---|---|
| Appellate Court Caption | TIMOTHY C. EVANS, Chief Judge of the Circuit Court of Cook County, Plaintiff-Appellee, v. CHICAGO NEWSPAPER GUILD-CWA, LOCAL No. 34071, Chartered by the Newspaper Guild-CWA (AFL-CIO, CLC) and STEVEN M. BIERIG, in His Capacity as Certified Arbitrator, Defendants (Chicago Newspaper Guild-CWA, Local No. 34071, Defendant-Appellant). |
| District & No. | First District, First Division<br>No. 1-20-0281 |
| Filed | July 20, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-CH-14137; the Hon. Neil H. Cohen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Katz, Friedman, Eisenstein, Johnson, Bareck & Bertuca, P.C., of Chicago (Joshua M. File, of counsel), for appellant.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Ann C. Maskaleris, Assistant Attorney General, of counsel), for appellee. |

JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Griffin and Justice Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Timothy C. Evans, in his capacity as Chief Judge of the circuit court of Cook County, filed a complaint in the circuit court seeking to permanently enjoin an arbitration proceeding. The circuit court granted a preliminary injunction, finding that it had authority to decide procedural gateway issues to arbitration. Defendant, Chicago Newspaper Guild-CWA, Local No. 34071, appeals from the circuit court's entry of the preliminary injunction.[1] On appeal, plaintiff concedes that an arbitrator should decide procedural gateway issues to arbitration and agrees that the injunction in his favor should be reversed. We agree and reverse the circuit court's preliminary injunction in favor of plaintiff, and we remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    We set forth only those facts necessary to understand our disposition. The parties are subject to a collective bargaining agreement (CBA), which, among other things, governs grievances. All grievances must be in writing, and all submission times and time limits for processing grievances may be extended by mutual agreement. Section 14.4 of the CBA outlines the grievance procedure steps. The union must first, within 30 days, submit a grievance to the aggrieved employee's immediate supervisor. If the grievance is not resolved in the employee's favor, the union must, within five days, submit the grievance to the director of interpreter services (Director). If the Director does not resolve the grievance in the employee's favor, the union must, within 10 days, submit the grievance to plaintiff. If plaintiff does not resolve the grievance in the employee's favor, the union must, within 30 days, submit the grievance to an impartial party for arbitration. Section 14.8 of the CBA provides in part that "[t]he party making the request for impartial arbitration must request the State Labor Relations Board, American Arbitration Association or the Federal Mediation and Conciliation Service to provide a panel of arbitrators to each party within sixty (60) days of the notice or the grievance will be forfeited."

¶ 4    Martin Perez was employed by plaintiff as a court interpreter and is a member of defendant, a union acting as the sole and exclusive representative for purposes of collective bargaining for court interpreters employed by the circuit court of Cook County. In May 2017, plaintiff suspended Perez for 10 days. Defendant filed, within 30 days, a grievance challenging the suspension (suspension grievance). The matter was not resolved in Perez's favor by his immediate supervisor or the Director, and on October 13, 2017, plaintiff denied Perez's grievance. On October 23, 2017, defendant submitted a written notice of intent to arbitrate the suspension grievance.

---

[1] Steven Bierig, in his capacity as a certified arbitrator, was a defendant below but has not participated in this appeal.

¶ 5        In December 2017, plaintiff terminated Perez's employment. Defendant filed, within 30 days, a grievance challenging the termination (termination grievance). The matter was not resolved in Perez's favor by his immediate supervisor or the Director, and on February 26, 2018, plaintiff denied Perez's grievance. On March 2, 2018, defendant submitted a written notice of intent to arbitrate the termination grievance.

¶ 6        On April 16, 2019, defendant contacted plaintiff's labor relations counsel to schedule an arbitration on the termination grievance with defendant, Steven M. Bierig, a certified arbitrator. The parties agreed to arbitrate the termination grievance before Bierig on December 11, 2019. In November 2019, plaintiff, through counsel, notified defendant and Bierig that the arbitration would be canceled because of defendant's delays in scheduling the arbitration under section 14.8 of the CBA. Bierig, however, twice denied plaintiff's request to cancel the arbitration and expressed the intent to proceed with the arbitration even if plaintiff failed to participate.

¶ 7        On December 9, 2019—just two days before the scheduled arbitration—plaintiff filed a verified complaint for declaratory judgment and an application to stay the arbitration. The thrust of plaintiff's complaint was that, pursuant to section 14.8 of the CBA, defendant forfeited any right to arbitration by failing to request that any arbitral forum provide a panel of arbitrators to the parties within 60 days of the notice of intent to arbitrate. Along with his verified complaint, plaintiff sought an emergency temporary restraining order (TRO) to enjoin the arbitration.

¶ 8        On December 10, 2019, defendant filed a motion to dismiss plaintiff's complaint pursuant to sections 2-615 and 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(9) (West 2018)). Defendant asserted that plaintiff could not state a claim for injunctive relief because the complaint acknowledged that the CBA contained an arbitration agreement. Defendant further asserted that plaintiff's complaint was barred by an affirmative matter, namely that plaintiff had already agreed to arbitration and participated in preliminary matters with Bierig. The same day that defendant filed its motion to dismiss, the circuit court, after hearing oral argument, granted plaintiff a TRO, enjoined the scheduled arbitration "until further order," and set a briefing schedule on defendant's motion to dismiss.

¶ 9        On January 29, 2020, after briefing and a hearing, the circuit court denied defendant's motion to dismiss and ordered that "the stay of arbitration shall continue in effect." The circuit court made several findings on the record relative to the stay. At bottom, the circuit court reasoned that whether defendant had forfeited its ability to pursue arbitration by failing to meet the contractual procedures or time limits set forth in the CBA was a question that could be determined by the circuit court rather than by an arbitrator.

¶ 10        Defendant filed a notice of interlocutory appeal on February 10, 2020, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), from the circuit court's January 29, 2020, order continuing the stay of arbitration.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, both parties request that we reverse the circuit court's injunction. Defendant argues that the circuit court erred as a matter of law by not deferring the question of procedural arbitrability to the arbitrator, Bierig, and further erred by denying its motion to dismiss. Plaintiff agrees that contractual procedural questions or requirements should be resolved by an arbitrator and not by the circuit court and concedes that he was not entitled to injunctive relief.

Plaintiff also argues that this court lacks jurisdiction to review the circuit court's denial of defendant's motion to dismiss.

¶ 13      Arbitration agreements are contracts (*Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 20 (2011)), and are interpreted in the same manner and according to the same rules as are all other contracts (*State Farm Fire & Casualty Co. v. Watts Regulator Co.*, 2016 IL App (2d) 160275, ¶ 27 (citing *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 669 (1983))). The interpretation of a contract is a question of law that we review *de novo. Carr*, 241 Ill. 2d at 20. Furthermore, because the circuit court did not hold an evidentiary hearing on the request for an injunction, our review of the circuit court's judgment is *de novo.* See *Amalgamated Transit Union, Local 900 v. Suburban Bus Division of the Regional Transportation Authority*, 262 Ill. App. 3d 334, 337 (1994).

¶ 14      Where a party seeks to compel arbitration, the sole issue before the circuit court is whether the parties agreed to arbitrate the dispute in question. *Griffith v. Wilmette Harbor Ass'n*, 378 Ill. App. 3d 173, 180 (2007). " 'If the language of an arbitration agreement is clear and it is obvious that the dispute desired to be arbitrated falls within the scope of the arbitration clause, the court should compel arbitration.' " *Id.* (quoting *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1175-76 (2002)).

¶ 15      Here, there is no dispute that the CBA set forth the procedures for resolving grievances, including through arbitration, and neither party challenges the enforceability of the CBA's arbitration provision. In the proceedings below, the sole issue before the circuit court was whether defendant's alleged failure to comply with section 14.8 of the CBA amounted to forfeiture. In other words, plaintiff contended that defendant's failure to abide by a contractual procedure in the grievance process—a timely request to an arbitral forum for a list of arbitrators—extinguished defendant's right to arbitrate Perez's suspension and termination grievances.

¶ 16      The United States Supreme Court has observed that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." (Emphasis in original and internal quotation marks omitted.) *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). There is also a presumption, where the parties to an arbitration agreement did not clearly contract otherwise, that the arbitrator should decide "an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). This court's precedent is in accord with the Supreme Court's view that procedural questions affecting whether arbitration was properly invoked are matters for an arbitrator, not the courts. See, *e.g.*, *Amalgamated Transit Union, Local 900*, 262 Ill. App. 3d at 340-41 (finding that the timeliness of following steps in the grievance process is a procedural question to be determined by an arbitrator as opposed to a condition precedent to invoking a right to arbitration that may be resolved by the courts).

¶ 17      Here, plaintiff raised a defense to arbitration, namely that defendant forfeited its right to arbitrate a grievance by failing to timely follow the steps outlined in section 14.8 of the CBA. We agree with the parties that the question of whether defendant forfeited its right to arbitration is a procedural question to be resolved by the arbitrator, not the circuit court, and that the circuit court's judgment staying arbitration was in error and should be reversed.

¶ 18    Finally, defendant argues that the circuit court erred by denying its motion to dismiss. Plaintiff responds that we lack jurisdiction to consider that aspect of the circuit court's judgment because the denial of a motion to dismiss is not a final and appealable order and cannot be reviewed in an interlocutory appeal under Rule 307(a)(1). Defendant has not responded to plaintiff's argument. Given the parties' agreement that plaintiff's complaint has not identified a right to injunctive relief for staying arbitration, we find it unnecessary to decide this question and that the appropriate action is to remand to the circuit court and order the parties to proceed to arbitration.

¶ 19                                    III. CONCLUSION

¶ 20    For the foregoing reasons, the judgment of the circuit court of Cook County enjoining arbitration is reversed, and we remand to the circuit court for further proceedings consistent with this opinion.

¶ 21    Reversed and remanded.