2022 IL App (1st) 211024-U

No. 1-21-1024

Order filed January 21, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JASON TAYLOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 02243 |
| | ) | |
| HIGHLINE AUTO SALES, INC., | ) | Honorable |
| | ) | Caroline Kate Moreland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Daniel Pierce and Justice Sheldon Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's grant of defendant's motion to compel arbitration where the parties' dispute was arbitrable, the parties had a valid arbitration agreement, and plaintiff's contract defenses were inapplicable to the arbitration agreement.

¶ 2   Plaintiff Jason Taylor filed this interlocutory appeal under Illinois Supreme Court Rule 307(a) (1) (Ill. S. Ct. R. 307 (a)(1) (eff. Nov. 1, 2017)) based on the circuit court's grant of defendant Highline Auto Sales, Inc.'s motion to compel plaintiff to participate in arbitration per

the terms of the parties' contract. On appeal, plaintiff contends that the circuit court's order to compel his participation in arbitration was without jurisdiction and was entered in error as there was nothing to compel and no justiciable matter between the parties. For the following reasons, we affirm.

¶ 3    The following facts are undisputed. On April 8, 2019, plaintiff purchased a vehicle from defendant. The purchase contract included an arbitration agreement whereby the parties agreed to resolve disputes by arbitration before the Better Business Bureau of Chicago and Northern Illinois (BBB). The arbitration agreement further provided that if either party filed a lawsuit in contravention of the arbitration agreement and refused to voluntarily withdraw such suit upon notice from the other party, the party that successfully compelled arbitration would be entitled to an award of reasonable attorney fees from the other party.

¶ 4    On April 24, 2019, plaintiff filed a demand for arbitration against defendant with the BBB as provided in the parties' arbitration agreement. On April 30, 2019, plaintiff wrote to the BBB and asked for a hearing date. He wrote again on May 1, 2019, requesting a hearing and included defendant's acknowledgment of receipt of plaintiff's initial arbitration demand. On May 13, 2019, the BBB acknowledged receipt of plaintiff's arbitration demand  and requested "immediate" attention to its communication.

¶ 5    On May 27, 2019, plaintiff wrote the BBB again and requested the appointment of an arbitrator. Plaintiff subsequently contacted the BBB multiple times, either requesting the appointment of an arbitrator or a hearing date as follows: May 29, 2019; May 30, 2019; June 11, 2019; July 20, 2019; July 31, 2019; and August 9, 2019. On August 19, 2019, the BBB responded and provided plaintiff with a new contact person. Plaintiff again contacted the BBB requesting a

hearing date on August 23, 2019. The BBB responded on August 26, 2019, indicating that it was waiting for defendant's schedule. Plaintiff then requested a hearing date on September 13, 2019, and defendant responded with its available dates on September 13, 2019. Plaintiff again requested a hearing date on September 18, 2019, and submitted his arbitration materials to the BBB on October 2, 2019.

¶ 6     On October 4 and October 11, 2019, plaintiff again requested a hearing date and provided the BBB with his availability. Plaintiff subsequently made multiple additional requests for a hearing date on the October 24, 2019; November 1, 2019; November 8, 2019; and November 15, 2019. On November 15, 2019, the BBB responded that it was waiting for the arbitrator's schedule. Plaintiff again made multiple requests for a hearing on November 22, 2019; November 29, 2019; December 6, 2019; December 13, 2019; December 20, 2019; and December 28, 2019. Also on December 28, 2019, plaintiff asked defendant to waive its insistence on arbitration.

¶ 7     On January 3, 2020, defendant's counsel promised to "inquire," we presume, as to the status of the arbitration date.  On January 3 and January 11, 2020, plaintiff again requested a hearing date from the BBB. Plaintiff's counsel also sent a reminder letter on January 11, 2020, to defendant's counsel again requesting that defendant waive the arbitration requirement. On January 24, 2020, plaintiff's counsel asked defendant to agree on a different arbitrator provider.

¶ 8     Plaintiff subsequently filed a declaratory action on February 24, 2020, requesting that the circuit court declare the arbitration agreement null and void or inapplicable. He later argued that the agreement should be voided because of "impossibility; impracticability; failure of consideration; frustration of purpose; unconscionability; and violation of the rights and remedies clause of the Illinois constitution (Ill. Const. 1970, art. I, § 12)." Defendant filed a motion to

dismiss plaintiff's declaratory action pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)) and other relief; specifically, it requested that the circuit court compel arbitration as provided for by the parties' contract. Plaintiff responded that there was nothing to compel as he was already before the BBB as part of the arbitration process.

¶ 9     In a written memorandum opinion and order entered on August 2, 2021, the circuit court noted that plaintiff commenced the declaratory action because the BBB did not begin arbitration within 60 days of his demand in accordance with its rules; after approximately 39 communications with the BBB and the BBB's inability to adjudge his dispute. The arbitration agreement at issue provided that:

> "[a]ny dispute arising out of or related to the purchase [of the vehicle], including any dispute over whether a dispute is subject to arbitration shall be resolved by arbitration before a single arbitrator pursuant to the Binding Arbitration Rules (the "Rules"), in effect on the date of this agreement of the Better Business Bureau of Chicago and Northern Illinois, Inc. (BBB)."

The circuit court further noted that the BBB's rules provided that it would make reasonable efforts to obtain a resolution of the dispute within 60 days, unless federal or state law otherwise provided, and further that BBB or the arbitrator may extend the time at their sole discretion.

¶ 10     The circuit court ultimately found that the contract defenses that plaintiff raised did not apply to the facts alleged in the complaint as the rules of BBB arbitration only stated that it would make reasonable efforts to resolve disputes within 60 days. The circuit court granted defendant's motion to dismiss and compel arbitration and the parties were ordered to continue arbitration

proceedings. No Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) language was included in the order. The circuit court subsequently granted defendant attorney fees as provided by the arbitration agreement. On August 19, 2021, plaintiff filed his notice of interlocutory appeal pursuant to Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 11    On appeal, plaintiff contends that jurisdiction exists under Rule 307(a)(1) because the circuit court granted defendant's motion to compel arbitration, which was not a justiciable matter in controversy because the parties were already involved in arbitration and thus, he could not be "compelled" to go to arbitration. As such, plaintiff contends that the circuit court lacked subject matter jurisdiction and issued what was "tantamount to an advisory opinion."

¶ 12    As noted above, plaintiff filed this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1). Rule 307(a)(1) permits interlocutory appeals as of right from an interlocutory order of court granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). An injunction is a judicial process requiring a party to do a particular thing or refrain from doing a particular thing. *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064, ¶ 30. An order granting or denying a motion to compel arbitration is injunctive in nature and is appealable under Rule 307(a)(1). *Id.* We thus have jurisdiction over this appeal.

¶ 13    Generally, the standard of review of an order granting or denying a motion to compel arbitration is whether the trial court abused its discretion. *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001). However, when the trial court's decision is made without any findings as to any factual issues, and is made as a matter of law, that decision is reviewable *de novo*. *Id.* at 1105-1106. A trial court must render a substantive disposition of a

motion to compel arbitration. *Onni v. Apartment Investment and Management Co.*, 344 Ill. App. 3d 1099, 1101 (2003). This requires that the court separately address each issue raised by the motion, support its resolution of each with specific reasons, whether legal points or findings of fact. *Id.* at 1104.

¶ 14 Here, we note that defendant filed a combined motion to dismiss and motion to compel. This court has found that a motion to compel arbitration and dismiss the lawsuit is essentially a motion to dismiss under section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)) of the Code. *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1174 (2002). Although the grant of defendant's motion to dismiss is not properly before us on an interlocutory appeal from the grant of a motion to compel arbitration, it is clear from our reading of the circuit court's memorandum opinion and order that both motions were decided simultaneously. The circuit court's decision to grant the motion to compel was based entirely on its analysis and ultimate grant of defendant's motion to dismiss plaintiff's declaratory judgment complaint pursuant to section 2-619(a)(9) of the Code. (735 ILCS 5/2-619(a)(9) (West 2018)) (involuntary dismissal based on an affirmative defense that bars or defeats the legal effect of the claim). Thus, we must determine whether the reasoning of the circuit court supports a determination that defendant made a showing sufficient to compel arbitration. See *Federal Signal Corp.*, 318 Ill. App. 3d at 1106.

¶ 15 The decision of whether to compel arbitration is not discretionary. *Travis*, 335 Ill. App. 3d at 1175. Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it. *Id.*

¶ 16    In the case at bar, plaintiff filed a declaratory judgment action requesting that the circuit court void the parties' arbitration agreement; he later argued in his response to defendant's motion to dismiss that the agreement should be voided based on theories of "impossibility; impracticability; failure of consideration; frustration of purpose; unconscionability; and violation of the rights and remedies clause of the Illinois constitution. He did not argue before the circuit court, nor does he argue now, that the dispute is outside the scope of the parties' arbitration agreement. Instead, plaintiff contended that the delay in arbitration proceedings by the BBB rendered the arbitration agreement void.

¶ 17    In response, defendant's motion to dismiss and compel arbitration argued that plaintiff's declaratory action complaint did not allege or assert anything to invalidate the arbitration agreement but instead complained about the BBB's arbitration process. Defendant further argued that the only basis to invalidate an arbitration agreement was fraud or duress in the inducement of the agreement between the parties. Defendant contended that plaintiff's failure to assert and the nonexistence of any fact to invalidate their validly executed arbitration agreement required dismissal of the complaint with prejudice and an order compelling arbitration per the agreement.

¶ 18    In its written order, the circuit court examined each argument raised by plaintiff in making its decision. First, the court noted that there was adequate consideration for the arbitration agreement as shown by the facts. Next, the court determined that impossibility did not apply to the facts plead in the complaint because it was undisputed that the BBB still existed, and arbitration was not destroyed by any operation of law. The court found that plaintiff's claim of unconscionability failed because at the time the contract was formed, there were no facts supporting procedural or substantive unconscionability. Similarly, the court found that bad faith

did not apply because nothing in the complaint showed how there was bad faith by defendant in the course of the attempt by plaintiff to arbitrate the dispute. Further, plaintiff's constitutional argument failed because he did not provide any citation showing that an eight month delay in arbitration violated the Illinois constitution. Impracticability did not apply to the facts pled by plaintiff in his complaint because there was no showing that a delay in arbitration was so outside the scope of the parties' expectations at the time of contracting such that the delay rendered performance impracticable due to some extreme or unreasonable difficulty, expense, injury, or loss involved. Finally, the circuit court found that the frustration of purpose doctrine did not apply because nothing in plaintiff's pleading indicated that the entire purpose of the vehicle purchase contract was frustrated by the delay in arbitration, noting that since 2010 the BBB rules of arbitration were unchanged and only required reasonable effort to resolve disputes within 60 days. The circuit court concluded that the failure of the BBB to hold an arbitration hearing within 60 days did not trigger any of plaintiff's contractual defenses or serve to void the arbitration agreement.

¶ 19      Our review of the record yields the same result. At a hearing to compel arbitration, the only issue for the circuit court is whether an agreement exists to arbitrate the dispute in question. *Brookner v. General Motors Corporation*, 2019 IL App (3d) 170629, ¶ 17. Plaintiff filed a request for arbitration under the parties' arbitration agreement after he purchased a car from defendant. There is no allegation or showing that the dispute was not arbitrable nor was there an allegation or dispute that an arbitration agreement existed. Further, there was no serious allegation or showing that the arbitration agreement itself was invalid. The crux of plaintiff's declaratory judgment action was his frustration with the length of time it was taking for the matter to be arbitrated by the BBB.

However, that alone does not invalidate the arbitration agreement. Plaintiff's proffered contract defenses were inapplicable as found by the circuit court, and we agree. Once the circuit court determined that a valid arbitration agreement existed, it had no discretion to deny the motion to compel arbitration. See *Travis*, 335 Ill. App. 3d at 1175. Thus, the circuit court was compelled to dismiss the action and return the matter to arbitration, which it did. Specifically, the circuit court's order stated that "[d]efendant's motion to dismiss and compel arbitration is granted and the Court will order this case to continue to go to arbitration." On an interlocutory appeal from the grant of a motion to compel, our only consideration is whether there was a sufficient showing to sustain the circuit court's order (*Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1189 (2000)), and we find that there was.

¶ 20    Nevertheless, plaintiff somehow believes that the circuit court lacked subject matter jurisdiction over this matter because it was simultaneously pending before the BBB. We disagree. It was plaintiff who subjected the matter to the circuit court's jurisdiction by filing the declaratory judgment action while the matter was also pending before the BBB. "Subject matter jurisdiction" refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). A circuit court's subject matter jurisdiction is conferred entirely by our state constitution except for its power to review administrative actions, which is conferred by statute. *Id.*; Ill. Const.1970, art. VI, § 9. That jurisdiction extends to all "justiciable matters," (Ill. Const.1970 art. VI, § 9), which has been defined as controversies appropriate for review by the court, in that they are definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. *Belleville Toyota*, 199 Ill. 2d at 335.

Plaintiff does not dispute that the circuit court had subject matter jurisdiction over his declaratory judgment complaint that was filed while the dispute was pending before the BBB, but somehow, he argues that the circuit court lost subject matter jurisdiction over defendant's resultant motion to dismiss and compel arbitration which led to the complained-of resolution. We reject plaintiff's contention.

¶ 21    As we have determined that the record supported the circuit court's grant of defendant's motion to compel arbitration based on the parties' valid arbitration agreement, we further find that it properly awarded attorney fees to defendant per the explicit terms of the arbitration agreement. See *Pepper Construction Company v. Palmolive Tower Condominiums, LLC*, 2021 IL App (1st) 200753, ¶ 34 (a party is generally responsible for his own attorney fees, but there is an exception where a contract provides for an award of attorney fees). Plaintiff has not contested, nor do we make any finding as to whether the amount of attorney fees awarded was proper, only that the circuit court had jurisdiction to award attorney fees to the prevailing party based on the terms of the arbitration agreement.

¶ 22    For the foregoing reason, we affirm the decision of the circuit court of Cook County.

¶ 23    Affirmed.