2024 IL App (1st) 230709-U

No. 1-23-0709

Order filed November 27, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOHNSON & BELL, LTD., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 7555 |
| | ) | |
| RONALD E. SCHERER and NATIONAL SIGN AND | ) | |
| SIGNAL CO., d/b/a National Sign and Signal, Inc., | ) | Honorable |
| | ) | Mary Colleen Roberts, |
| Defendants-Appellees and Cross-Appellants. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's challenge to the circuit court's order compelling arbitration and dismissing plaintiff's operative complaint with prejudice is dismissed as moot; however, the circuit court's denial of defendants' motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) was an abuse of discretion.

¶ 2    When plaintiff Johnson & Bell, Ltd., sued defendants Ronald E. Scherer and National Sign and Signal Co., d/b/a/ National Sign and Signal, Inc., to collect attorney fees, the circuit court granted defendants' motion to dismiss plaintiff's operative complaint with prejudice and

compelled arbitration. The circuit court also denied defendants' motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018).

¶ 3    Plaintiff appealed, arguing that the trial court abused its discretion by dismissing the complaint with prejudice instead of staying the case or dismissing without prejudice. Defendants cross-appealed, arguing that the circuit court abused its discretion by denying their motion for sanctions because plaintiff knew or should have known that this lawsuit was subject to mandatory arbitration and plaintiff filed this suit for improper purposes.

¶ 4    For the reasons that follow, we rule that plaintiff's challenge to the circuit court's judgment dismissing the complaint with prejudice is moot, but we reverse the court's judgment denying defendants' motion for Rule 137 sanctions.[1]

¶ 5                                    I. BACKGROUND

¶ 6    In August 2022, plaintiff sued defendants, alleging they had retained plaintiff as their attorney and owed $203,097.46 in past due legal fees and costs. Plaintiff attached invoices as exhibits to its complaint. Defendants moved to dismiss the complaint pursuant to sections 2-615 and 2-606 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-606 (West 2022)), arguing that plaintiff failed to meet Illinois pleading standards and attach the engagement agreements between the parties. The circuit court granted the motion to dismiss without prejudice and granted plaintiff leave to file an amended complaint.

¶ 7    In November 2022, plaintiff filed a first amended complaint against defendants, alleging breach of contract and *quantum meruit*. Specifically, plaintiff alleged that the parties entered into

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

engagement agreements, first in 2019 regarding representation in a case pending in the Southern District of Ohio, and later in 2021 regarding representation in a case pending in Michigan state court. Plaintiff attached to the operative complaint the parties' engagement agreements, which contained an arbitration clause. The arbitration clause provided that any dispute under the agreement, "including a dispute regarding the amount of fees or the quality of [plaintiff's] services, *** shall be determined through binding arbitration with the mediation/arbitration services of JAMS of Chicago, Illinois."

¶ 8      Defendants moved to dismiss the operative complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2022)), arguing that the arbitration provision applied to the instant dispute. Plaintiff responded that defendants waived the right to enforce the arbitration provision because they did not seek to enforce arbitration in their initial motion to dismiss. Defendants replied that plaintiffs failed to attach the engagement agreements containing the arbitration clause to the original complaint. Defendants also moved the court to sanction plaintiff pursuant to Rule 137 for filing a case subject to mandatory arbitration in the circuit court.

¶ 9      On March 20, 2023, the circuit court ruled that (1) the unambiguous arbitration clause provided for mandatory arbitration of the instant dispute, and (2) defendants did not waive the right to enforce the arbitration clause because they did not submit the arbitrable issues to a court for decision. The court granted defendants' motion to compel arbitration and dismissed plaintiff's operative complaint with prejudice.

¶ 10     On March 21, 2023, plaintiff filed its arbitration claim against defendants with JAMS.

¶ 11     On April 19, 2023, plaintiff filed a notice of appeal of the circuit court's March 2023 ruling.

¶ 12     On April 20, 2023, the circuit court denied defendants' motion for sanctions, finding that defendants failed to meet their burden to show that plaintiff's conduct was so egregious as to deserve punishment because established precedent regularly provides for the waiver of arbitrable cases after a party has filed an arbitrable case in the circuit court. Specifically, the court stated that the "very concept of waiver of arbitration through inconsistent conduct would not be possible if initiating that litigation by filing a complaint in the first place was so 'egregious' to warrant punishment by sanction."

¶ 13     On April 28, 2023, defendants filed a notice of cross-appeal of the circuit court's April 2023 order.

¶ 14     During the briefing of this appeal, the parties arbitrated the underlying claims before JAMS, resulting in awards in plaintiff's favor against each defendant on March 18, 2024.[2] On March 27, 2024, in case No. 24 CH 2566 (the chancery case), plaintiff filed its petition to confirm the arbitration awards and also issued summonses to defendants. On June 20, 2024, in the chancery case, the circuit court issued a default judgment order that held defendants in default, confirmed the arbitration awards, and entered judgments in favor of plaintiff and against defendants for the amounts specified in the arbitration awards.

---

[2]This court may take judicial notice of these filings under *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976) (court may take judicial notice of readily verifiable facts that are capable of instant and unquestionable demonstration, such as public documents that are included in the records of other courts and administrative tribunals).

¶ 15                                    II. ANALYSIS

¶ 16                              A. Dismissal With Prejudice

¶ 17    A motion to dismiss a claim based on section 2-619 of the Code admits the legal sufficiency of the plaintiff's allegations but asserts affirmative matter that avoids or defeats the claim stated. *Peetoom v. Swanson*, 334 Ill. App. 3d 523, 526 (2002). "A motion to compel arbitration and dismiss the lawsuit is essentially a motion pursuant to section 2-619(a)(9) to dismiss based on the exclusive remedy of arbitration." *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1174 (2002). In reviewing "a motion to dismiss under section 2-619, a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). The standard of review for a section 2-619 dismissal is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 18    However, when considering a circuit court's decision to dismiss a case with prejudice, the standard of review is abuse of discretion. *Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 1; *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 132. An abuse of discretion by the trial court occurs when the court "act[s] arbitrarily without the employment of conscientious judgment, exceed[s] the bounds of reason and ignore[s] recognized principles of law *** or if no reasonable person would take the position adopted by the court." *Popko v. Continental Casualty Co.*, 355 Ill. App. 3d 257, 266 (2005).

¶ 19    Plaintiff argues that the circuit court abused its discretion when it dismissed plaintiff's operative complaint with prejudice because it was a final judgment sufficient to trigger the doctrine of *res judicata* and bar any subsequent suit, so the court prematurely ended its integral ability to

provide relief and enforce the functioning of the arbitration process. Plaintiff asserts that the circuit court should have, instead, either stayed the case pending the arbitrator's award or dismissed the case without prejudice so that when defendants failed to participate in the arbitration through nonpayment of the arbitration costs, plaintiff could have returned to the circuit court and pursued its claims in the circuit court. Plaintiff asserts that the ability of the circuit court to provide relief is integral to the functioning of arbitration when a party attempts to scuttle the arbitrator's abilities to conduct the arbitration process by refusing to participate. According to plaintiff, it has zero recourse to pursue its claims for breach of contract and *quantum meruit* due to defendants' failure to pay the arbitration fees.

¶ 20    Plaintiff's argument is moot. *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶ 24 (an issue is moot if no actual controversy exists or where intervening events occur that make it impossible for the court to grant effectual relief). During the briefing of this appeal, plaintiff moved for summary disposition and sanctions in the arbitration forum against defendants, resulting in arbitration awards in plaintiff's favor against each defendant. After those awards were issued, plaintiff filed its petition in the chancery case to confirm the arbitration awards. Finally, in June 2024, the circuit court in the chancery case issued a default judgment order that held defendants in default, confirmed the arbitration awards, and entered judgments for plaintiff and against defendants for the amounts specified in the arbitration awards. Therefore, plaintiff's breach of contract and *quantum meruit* claims were fully adjudicated in the arbitration forum without the need for the circuit court to enforce the functioning of the arbitration process, and thus we dismiss as moot plaintiff's appeal.

¶ 21    In its reply brief, plaintiff argues for the first time that all three elements for *res judicata* (*i.e.*, a final judgment on the merits rendered by a court of competent jurisdiction, an identity of cause of action, and an identity of parties) were arguably present when plaintiff filed the chancery case to confirm the arbitration awards, and thus it is conceivable that the chancery case would be subject to dismissal by the doctrine of *res judicata*, leaving plaintiff with no opportunity to enforce its awards against defendants. Specifically, plaintiff argues that the circuit court abused its discretion by putting plaintiff in a position whereby it could not return to the case dismissed with prejudice (*i.e.*, case No. 22 L 7555) to confirm the arbitration awards. Although plaintiff was able to secure a judgment in the chancery case, plaintiff believes that the judgment is still subject to a potential motion to vacate because defendants may move to vacate the judgment on the arbitration award as barred by *res judicata*. According to plaintiff, an actual controversy still exists relating to enforcement of the arbitration awards through the circuit court and thus plaintiff's claim is not moot.

¶ 22    Plaintiff has forfeited this issue by failing to raise it in plaintiff's initial brief on appeal. See *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1046 (2009) (citing Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020)) for the proposition that an appellant forfeits points not raised in the initial brief and cannot argue them for the first time in the reply brief). Furthermore, plaintiff has forfeited this issue by failing to cite any relevant authority to support his speculation that defendants may argue that *res judicata* bars plaintiff's chancery case (see *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19 (a party's failure to cite relevant authority forfeits his argument); see also *In re H.B.*, 2022 IL App (2d) 210404, ¶ 41 (a party forfeits an argument by failing to adequately develop it)), and this court does not render advisory opinions merely to establish a precedent or guide future litigation

(see *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10). Accordingly, we do not address the merits of plaintiff's *res judicata* argument regarding the chancery case.

¶ 23                                    B. Rule 137 Sanctions

¶ 24    In their cross-appeal, defendants argue that the circuit court abused its discretion when it denied their motion for Rule 137 sanctions because plaintiff filed a frivolous lawsuit in the circuit court despite the clear and broad mandatory arbitration clause contained in the parties' engagement agreements. Defendants contend that plaintiff attempted to evade the contractual arbitration provision by failing to attach the engagement agreements to the original complaint and keeping those agreements from the circuit court's view. Defendants assert that plaintiff's conduct is egregious because plaintiff is a law firm and the arbitration clause is contained in the very contract that plaintiff drafted. Defendants believe that plaintiff engaged in gamesmanship by deliberately omitting the operative contracts from the original complaint to cause defendants to waive their right to arbitration. Defendants add that plaintiff never argued that its claims in this case were outside the scope of the broad arbitration clause.

¶ 25    Plaintiff responds that its complaint was factually well grounded, was warranted by existing law, and brought in good faith because it chose to waive the contractual right to arbitration by filing suit in the circuit court instead. Plaintiff asserts that this conduct was not egregious because, as the circuit court ruled, "[l]itigants regularly choose to waive arbitration provisions." Plaintiff also argues that a motion to compel arbitration is an affirmative defense and Illinois does not require a plaintiff to anticipate affirmative defenses. Plaintiff adds that section 2(d) of the Uniform Arbitration Act (710 ILCS 5/2(d) (West 2022)), which provides for a stay of an action if

an order or application for arbitration has been made, does not provide for sanctions against the party that brought the proceedings to state court.

¶ 26 Supreme Court Rule 137 states, in part, that:

"the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ***. If a pleading, motion or other document is signed in violation of this rule, the court *** may impose *** an appropriate sanction ***." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 27 Because the purpose of Rule 137 "is to prevent abuse of the judicial process by penalizing claimants who bring vexatious or harassing actions based upon unsupported allegations of law or fact," the rule is penal in nature and must be strictly construed. *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.*, 250 Ill. App. 3d 149, 152 (1993).

"Rule 137 mandates that signing attorneys or parties make reasonable inquiry into the basis for a pleading before filing it. [Citation.] In evaluating the signing party's conduct in this regard, a court must consider reasonableness based upon circumstances existing at the time the pleading was filed, rather than engage in hindsight. [Citations.] The standard to be employed is an objective one; it is not sufficient that the attorney "honestly believed" the case was well-grounded in fact or law. [Citation.] Furthermore, an attorney has an

obligation to promptly dismiss a lawsuit once it becomes evident that it is baseless. [Citation.]" *Id.* at 152-53.

The burden of proof lies with the party seeking to recover under Rule 137 and requires a showing that the opposing party pled statements which he knew or should have known were not true. *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 422 (2003).

"In order to escape sanctions under Rule 137, pleaders need not be correct in their view of the law; they need only present an objectively reasonable argument for their views. Rule 137 is intended to provide a sanction when a party or an attorney asserts a proposition of law which is contrary to established precedent." *Shea, Rogal & Associates, Ltd.*, 250 Ill. App. 3d at 154.

¶ 28 We conclude that the instant case warrants a finding that the trial court abused its discretion in denying defendants' motion for Rule 137 sanctions against plaintiff. See *Pritzker v. Drake Tower Apartments, Inc.*, 283 Ill. App. 3d 587, 590 (1996) (the abuse of discretion standard does not preclude a reviewing court "from independently reviewing the record and finding an abuse of discretion where the facts so warrant").

¶ 29 First, although plaintiff filed the original complaint without any reference to the parties' engagement agreements, plaintiff does not deny, nor can it, that it was aware of the existence of these agreements when it filed the original complaint. Plaintiff is a law firm and drafted the engagement agreements that contain the unambiguous and broad mandatory arbitration provision for disputes involving any dispute under the agreement, including disputes regarding the amount of fees or the quality of plaintiff's services. Consequently, even the most basic level of "reasonable

investigation" as mandated by Rule 137 would have required plaintiff to examine the engagement agreements and their provisions before plaintiff signed and filed the original complaint.

¶ 30    Furthermore, plaintiff's argument that it properly filed the original and amended complaints because the parties could waive the contractual provision for mandatory, binding arbitration lacks merit. Based upon the objective standard used to measure the circumstances at the time plaintiff filed its pleadings, it is irrelevant that plaintiff believed waiver of the arbitration provision was a possibility. Furthermore, plaintiff's response to defendants' motion to dismiss and compel arbitration—*i.e.*, that defendants had waived their right to arbitration by moving to dismiss plaintiff's original complaint based on plaintiff's failure to abide by pleading requirements and attach the engagement agreements—is clearly contrary to precedent. Illinois courts clearly favor the easier, more expeditious, and less expensive contractual right of arbitration for dispute resolution and will not lightly infer the waiver of that contractual right. *All American Roofing, Inc. v. Zurich American Insurance Co.*, 404 Ill. App. 3d 438, 441 (2010). A party does not waive the right to arbitrate if the party's actions are merely responsive to the opposing party's claims, thereby demonstrating the retention of an intent consistent with the right to arbitrate. *Id.* at 442; *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1175 (2008); see *Atlas v. 7101 Partnership*, 109 Ill. App. 3d 236, 241 (1982) (actions that constitute "limited legal maneuverings" do not waive right to arbitrate). Specifically, when plaintiff filed the original and amended complaints, defendants had not yet done anything regarding their right to arbitrate. Rather, defendants' only actions were to file motions to dismiss in response to plaintiff's original and amended complaints. Accordingly, defendants had done nothing to merit the consideration that they had waived their right to arbitrate.

¶ 31    We find support for our conclusion that Rule 137 sanctions are warranted in *Edward Yavitz Eye Center, Ltd. v. Allen*, 241 Ill. App. 3d 562 (1993). In *Yavitz*, the plaintiff filed an original complaint against the defendant to recover money based on the parties' written employment agreement, which contained an unambiguous and broad provision that required the parties to arbitrate any disputes arising out of their contract. *Id.* at 564-65. The defendant moved to dismiss the complaint, arguing that it was not properly before the court because the matter forming the basis of the complaint had not yet been arbitrated. *Id.* The plaintiff then amended the complaint, setting forth a cause of action that arguably was not within the agreement's arbitration provision— *i.e.*, that the defendant breached an oral contract for a loan for personal investment purposes. *Id.* at 565, 569. The defendant moved to dismiss the amended complaint and obtain sanctions, alleging that the factual basis of the amended complaint contradicted assertions in the original complaint. *Id.* at 565. The trial court denied the motion to dismiss, and the case proceeded in court. *Id.* at 565-66. Finally, the trial court granted summary judgment in favor of the defendant, who moved for sanctions under Rule 137, contending that the plaintiff had filed both complaints knowing that they were not well grounded in law or fact and did so to harass the defendant even though arbitration was required by the parties' employment agreement. *Id.* at 566. The trial court denied the defendant's request for sanctions. *Id.* at 567.

¶ 32    On appeal, the *Yavitz* court reversed the denial of sanctions concerning the original complaint and affirmed the denial of sanctions concerning the amended complaint. *Id.* at 568. Regarding the original complaint, which alleged a cause of action that was obviously preempted by the arbitration provision in the employment agreement, the court explained that it was clear that the plaintiff failed to make objectively reasonable inquiries before filing it. *Id.* 568-69. However,

regarding the amended complaint, the *Yavitz* court did not disturb the trial court's implicit finding that it was reasonable for the plaintiff to proceed on a theory that the defendant breached an oral contract for a loan for personal investment purposes because, arguably, such a contract would be outside the scope of the employment agreement and thus not subject to the requirement of arbitration. *Id*. at 569.

¶ 33    Like *Yavitz*, even a cursory examination by plaintiff of the engagement agreements here would have indicated that the challenged complaints were barred by the arbitration provision and, therefore, should not have been filed before obtaining a waiver from defendants. Furthermore, instead of promptly dismissing the lawsuit that clearly was subject to mandatory arbitration (see *Shea, Rogal & Associates, Ltd.*, 250 Ill. App. 3d at 153), plaintiff doubled down by filing the amended complaint and responding to defendants' motion to dismiss and compel arbitration with the baseless argument that defendants had waived their right to mandatory arbitration by moving to dismiss the original complaint (*cf. Yavitz*, 241 Ill. App. 3d at 569 (Rule 137 sanctions were not warranted because it was reasonable for the plaintiff to proceed with an amended complaint on an alternate theory of recovery that was not subject to compulsory arbitration)).

¶ 34    We hold that the trial court abused its discretion in refusing to award Rule 137 sanctions for the expenses defendants incurred as the result of plaintiff's original and amended complaints, which were not well grounded in fact or law. We reverse the trial court's denial of sanctions and remand for further proceedings regarding the amount of sanctions to which defendants are entitled for expenses incurred as the result of the filing of the original and amended complaints.

¶ 35                                III. CONCLUSION

¶ 36     For the foregoing reasons, we dismiss as moot plaintiff's challenge to the judgment of the circuit court dismissing plaintiff's complaint with prejudice. However, we reverse the judgment of the circuit court denying defendants' motion for an award of sanctions against plaintiff. We remand the cause to the circuit court for further proceedings with directions that the court assess an appropriate penalty pursuant to the provisions of Supreme Court Rule 137.

¶ 37     Appeal dismissed in part and reversed in part.

¶ 38     Cause remanded with directions.